IN THE

# SUPREME COURT OF THE STATE OF GEORGIA,

AT MILLEDGEVILLE,

MAY TERM, 1859.

Present—JOSEPH H. LUMPKIN,
   CHARLES J. McDONALD, } Judges.
   HENRY L. BENNING,

---

## PONDER vs. COX.

Equity will not drive a party to common law, when by doing so his rights would be delayed, if not jeopardized.

In equity, in Thomas Superior Court. Decision by Judge LOVE, January, 1859.

This bill was filed by Carey S. Cox against Ephraim G. Ponder, to enjoin the collection of a judgment at law, obtained against complainant. The bill alleges that complainant, by his agent, Dyson, bought a negro man by the name of Price, or Giles Price, a blacksmith, from defendant, for $1800; that one of the notes given for the purchase-money, amounting to $1300, was transferred to

20

one William Ponder, a brother of defendant, before it fell due, and that judgment had been obtained upon said note, and afterwards said judgment transferred back by William Ponder to Ephraim .G. Ponder, the defendant, who is the owner and holder thereof, nnd that said transfers were made by defendant with a view of preventing complainant from making a defence to said note, the consideration thereof having failed in this, that the negro thus purchased by defendant, and the right and title of which defendant warranted, is not a slave, but is a free person of color.

The injunction was granted, and afterwards, upon a motion to dissolve said injunction, and to dismiss complainant's bill for want of equity, the court refused the motion, but held up the injunction and retained the bill; to which decision Ponder excepted, and upon a writ of error to the supreme court, that court reversed the judgment of the court below, holding that complainant had an adequate remedy at law against Ponder, upon the covenant of title in the bill of sale; but granted leave to complainant to amend his bill, by alleging the insolvency of Ponder, or any other fact that would raise an equity, and show that the remedy at law would be adequate. See this case fully reported in 26 Geo. Rep.

The case being thus remanded to the court below, complainant then moved to amend the bill, alleging, amongst other things, that defendant had recently executed a post nuptial settlement, by which he had conveyed to a trustee, for the sole and separate use of his wife, the whole of his estate, real and personal, consisting of lands, negroes, &c., and that he had no visible property upon which an execution could be levied, even if complainant should recover a judgment at law upon the breach of warranty of title; that defendant had removed from the county of Thomas to the county of Fulton, and that if he had property now that could be reached by garnishment

Ponder vs. Cox.

or execution, it would be easy for him to remove said property, or to make such disposition of it as would effectually defeat complainant's ultimate recovery at law on breach of said warranty.

Defendant's counsel objected to this amendment, and moved to dissolve the injunction and to dismiss the bill. The court granted leave to amend, and refused to dissolve the injunction or to dismiss the bill. To which decision counsel for defendant excepted, and assigned the same as error.

McIntyre & Young, and A. H. Hansell, represented by Iverson L. Harris, for plaintiff in error.

J. R. Alexander, and Burch & McLendon, *contra*.

*By the Court.*—Lumpkin, J., delivering the opinion.

We hold the court was right in refusing to dissolve the injunction and dismiss the bill as amended by the complainant.

When the case was up before, our judgment was, that the bill, as it originally stood, could not be sustained. We suggested, however, that it !might be made a good bill, provided the complainant could allege, under oath, that there was threatened or impending wrong to his rights, by reason of the insolvency of Ephraim G. Ponder, or his removal beyond the jurisdiction of the State.

The amendment shows that Ponder, by a post nuptial settlement, has conveyed the whole of his property to a trustee, in strict settlement upon his wife and offspring, provided there be any, and that he has removed from Thomas to Fulton county. This conveyance, although voluntary, is good against him. True, the trust property may be made subject to contracts existing at the time of the settlement, but under all the facts of this case, should Cox be driven to further litigation, to re-imburse him-

self upon his covenant of title, should he lose the negro? We think not. It would be to deprive his common law remedy of one-half, at least, of its adequacy and completeness. Ephraim G. Ponder is without property; and the legal title to that which he did hold is vested in another.

There is another equity, not formally assumed in the bill, but which the facts stated presented strongly for the consideration of chancery. Long before Cox may be able to get a judgment upon his warranty, this property may be disposed of by the trustee, who holds the legal title, so as to put it beyond the reach of any recovery over, which might be had against Ponder. The injunction in this case, as in many others, subserves the purpose of a *Quia Timet* bill.

Upon the whole, considering there are two proceedings now pending, namely, the application of Price, the negro, to establish his freedom, and the plea of the failure of consideration of the note given by Dyson to Ponder, for the negro, and which is sued on—one or both of which will decide whether it will be equitable or not to collect this judgment out of Cox—it is best to retain the bill and injunction until this matter is decided.

Judgment affirmed.