LIGHTFOOT & FLANDERS, plaintiffs in error, vs. THOMAS M. FREEMAN, sheriff, defendant in error.

In answer to a rule to show cause why he should not be attached for contempt in failing to sell certain land of a defendant under an execution which had been levied on it, the sheriff set up that as he was proceeding to sell, he was served with an affidavit of illegality, in which the defendant alleged that he had been adjudicated a bankrupt; that in his schedule

of property he had returned the land levied on, and claimed the same as a homestead; that he, the sheriff, was unable to determine what he should do in the premises, and therefore suspended further action, and returned the papers to court for adjudication; that he acted in good faith. The answer not being traversed, it was proper in the court to discharge the rule.

Sheriff.   Contempt.   Rule.   Before Judge BARTLETT. Wilkinson Superior Court.   October Term, 1874.

For the facts of this case, see the decision.

BLOUNT & HARDEMAN, by brief, for plaintiffs in error.

J. G. OCKINGTON; F. CHAMBERS, for defendant.

WARNER, Chief Justice.

This was a rule against the sheriff of Wilkinson county. The court, on hearing the answer of the sheriff, which was not traversed, discharged the rule, and the plaintiffs excepted. It appears from the answer of the sheriff that he had levied the *fi. fa.* placed in his hands on the land of defendant, advertised the same for sale, and was proceeding to sell, when he was served with an affidavit of illegality by the defendant, in which he alleged that he had been adjudicated a bankrupt; that in his schedule of property returned to the bankrupt court, he had returned the land levied on and claimed the same as a homestead in that court, as being exempt from levy and sale under said *fi. fa.;* that he, the sheriff, was unable to determine what he should do in the premises, and therefore returned the papers to be adjudicated by the court; that he was desirous of performing his whole duty in the matter, and acted in the utmost good faith, and would have sold the land as advertised, but for the reason that he was wholly unable to determine what was his duty.   The question is not whether the defendant's land is subject to the plaintiff's *fi. fa.,* but the question is, whether the court erred in holding that the sheriff was not in *contempt* of the process of the court in failing to sell the defendants' property, on the statement of facts

disclosed in his answer.    This case comes within the ruling of this court in *Heard vs. Callaway*, 51 *Georgia*, 317.

Let the judgment of the court below be affirmed.