## Trotti *vs.* Wyly & Greene.

A proceeding by possessory warrant is summary and harsh and in derogation of common law, and the statute authorizing it should be strictly construed and closely followed. Unless it clearly appears that the defendant acquired the possession in one of the modes inhibited by the act of the legislature, there is nothing for the proceeding to rest on. Under a possessory warrant there is no question as to the title or as to the right of possession, but the sole question is as to the manner in which the possession has been obtained by the defendant. Therefore, where one deposited a note for a debt, and subsequently received possession of such note from the creditors for collection, giving them a receipt therefor, and where the title to the note and the balance due on the debt was in dispute, a possessory warrant was not the proper remedy to recover possession of the note. If it had been converted after its delivery, trover could be brought for it, and if necessary, bail could be required.

(a.) This case differs from that of *Meredith vs. Knott & Hollingsworth*, 34 *Ga.* 222.

October 19, 1886.

Possessory Warrant. Actions. Trover. Before Judge Marshall J. Clarke. Fulton Superior Court. March Term, 1886.

Reported in the decision.

T. P. WESTMORELAND, for plaintiff in error

JACKSON & KING, for defendants.

HALL, Justice.

Wyly & Greene sued out a possessory warrant against Trotti, and in their affidavit to obtain it alleged that the promissory note they so ught to get possession of was "taken, enticed or carried away by the defendant, either by fraud, violence or other means," from their possession; or that such note, "having recently been in their quiet, peaceable and legally acquired possession, had disappeared without their consent and, as they believe, had come into defendant's possession under some pretended claim and without lawful warrant or authority." On the hearing before the justice of the peace, he awarded the possession of the note to the plaintiffs, and the defendant carried the case by *certiorari* to the superior court, where this judgment was sustained, and for the purpose of reviewing it, this bill of exceptions was taken and writ of error to this court was prosecuted.

The contention between the parties relates to two subjects. The plaintiff in *certiorari*, who is the plaintiff in error, insists that Wyly & Greene were never in the legally acquired possession of the note, and if they were, that it did not disappear from their possession without their consent, but that they delivered it to him for collection and took his receipt to account therefor; and that he did not obtain possession of it by fraud, or in any of the other methods prohibited by the statute, but with their full knowledge and consent for a legitimate and lawful purpose.

1. This proceeding is summary and harsh and in derogation of common law, and the statute authorizing it should be strictly construed and closely followed. Unless

it clearly appears that the defendant acquired the posses-
sion in one of the modes inhibited by the act of the legis-
lature, there is nothing for the proceeding to rest on.
This is evident both from the preamble and title of the
original act, approved December 25th, 1821, (Cobb's Dig.
590) and the terms of the enactment; its purpose was, ac-
cording to the title, to prevent the taking of the possession
of personal property by "fraud or evidence," and this is em-
phasized by the preamble and by the provision which re-
stricts the evidence on the hearing to "the question of
possession in a summary way." In *Mann vs. Waters*, 30
*Ga.* 207, 209, it was distinctly laid down that, under this
statute, there was no question as to title nor as to the right
of possession; that the sole question is as to the manner
in which the possession has been obtained by the defend-
ant. If it turns out to have been obtained in any of the
several ways prohibited by the statute, it must be restored
to the person from whom it has been taken in such im-
proper manner. On the other hand, if it is not shown to
have been acquired in one of the modes specified by the
statute, it cannot be restored to the party complaining, as
we held in *King vs. Ford*, 70 *Ga.* 628. We are not aware
of any decision of this court which conflicts with these
rulings. The case of *Meredith vs. Knott & Hollingsworth*,
34 *Ga.* 222, does not, as we conceive, contravene anything
decided in the cited cases; it turned upon its peculiar
facts, which were pointed out by Lyon, J., who delivered
the opinion of the court, and who said, "When the real
and important question made by this record, and that is,
whether possessory warrant was a proper proceeding for
the recovery of the possession of property in a case like
this, was presented to the court, the question was dis-
tinctly put by the court to the counsel, whether there was
any question as to the title to the property involved in
the proceeding, and it was distinctly stated by the coun-
sel for both parties that there was not. The title then be-

ing conceded to be in the plaintiffs in the warrant, the only question before the court was, whether the possession, under the circumstances, could be settled by possessory warrant, or rather, whether a possessory warrant was a proper and sufficient remedy? We are clear that it is. After the plaintiff had purchased the cotton and deposited it with the defendant, his possession was that of the plaintiff. They had a right to go and take it whenever they chose; but when this was denied, and the defendant refused to let them have it, the possession was changed; and that of Meredith was wrongful, tortious and fraudulent; and in all such cases, we hold that a possessory warrant is the proper remedy." We remark, that while this case reaches the very verge of the grounds upon which such a proceeding is authorized by the law, yet we do not undertake to say that it violates or transcends them. It is enough for our present purpose that the case under consideration is just its opposite in its most important facts. There was here a dispute as to the title of the paper sought to be recovered; the defendant deposited it with the plaintiffs for a debt he made with them, which he insisted had been satisfied and paid off by him, except a small balance which he tendered them and which they refused to accept; they denied that this amount tendered was the correct balance due on their mutual dealings. When these alleged payments and this tender were made, whether before or after the defendant got the note from the plaintiffs that he might collect it for them and account for the proceeds, does not clearly appear, nor is it material that it should; it is sufficient that this state of facts existed at the time the warrant was issued. Here there was a question, not only as to the title, but as to the right of the possession, which distinguishes the case from *Meredith vs. Knott & Hollingsworth*, upon a demand made on the defendant by the plaintiffs for the note and his refusal to comply therewith; the plaintiffs might institute trover or the statutory remedy substituted for that action, and if

they, for any of the reasons set forth in the law, apprehended that it would not be forthcoming to answer the judgment that might be rendered, they could secure themselves by holding him to bail. In such an action, the question really made by this record can be investigated and settled, but we have seen that this is not admissible under a possessory warrant proceeding. There is and can be in this case no question as to the way in which the defendant acquired possession of the paper in controversy; he obtained it with the full consent of the plaintiffs, as was shown by the receipt he gave for it; whether he converted it wrongfully relates not at all to his manner of acquiring its possession; it is enough that he did not obtain possession in any of the ways which by the statute would subject him to the remedy to which the plaintiffs resorted. This being our view of the law, we think there was error in refusing to sustain the *certiorari.*

Judgment reversed.