FLEMING *et al. v.* BLOSSER PRINTING COMPANY *et al.*

CANDLER, J.  1. If a clear case for interpleader was not made, a court of equity
had jurisdiction to prevent a multiplicity of suits and a consequent waste of
the funds in dispute.  The remedy at law was not so adequate, full, or com-
plete as equity could afford ; and therefore there was no error in overruling
the demurrer to the petition.

2. All the questions of law and fact involved in this case were by agreement
submitted to the court for determination.  We find no error in any of his
rulings on the legal questions involved, and his finding on the facts is fully
sustained by the evidence.        *Judgment affirmed.  By five Justices.*

Argued April 30, — Decided May 30, 1903.

Interpleader.  Before Judge Felton.  Bibb superior court.  No-
vember 10, 1902.

*B. J. Dasher,* for plaintiffs in error.  *Lane & Park, Hardeman,*
*Davis, Turner & Jones,* and *A. L. Dasher,* contra.

---

RAY *v.* BYRD.

LAMAR, J.  Property having been levied on, the defendant in fi. fa. brought
bail-trover against the officer, giving bond, under the Civil Code, § 4606, for
the forthcoming of the property to answer the judgment in the case.    The
officer prevailed in the suit, and elected to take a money verdict. *Held,* that
he had only a qualified interest in the property ; and where it was worth more
than the amount of the fi. fa., he was only entitled to recover a verdict for
an amount sufficient to satisfy and discharge the execution under which the
levy had been made.  *Holmes v. Langston,* 110 *Ga.* 864 (2).
                              *Judgment reversed.  By five Justices.*

Argued April 30, — Decided May 30, 1903.

Trover.  Before Judge Felton.  Crawford superior court.  No-
vember 28, 1902.

*R. D. Smith* and *Mathews & Riley,* for plaintiff.
*W. J. Wallace,* contra.