## SUMNER, sheriff, v. BELL.

The officer executing a possessory warrant is the custodian of the property involved until final judgment in the case. If he entrusts it to another, he does so at his peril; but this alone does not authorize a court of equity to interfere with him in the control of the property.

Argued May 19,—Decided June 3, 1903.

Injunction. Before Judge Spence. Worth superior court. March 26, 1903.

*Perry & Tipton*, for plaintiff in error.

*Claude Payton, S. S. Bennet, R. A. Holmes*, and *G. G. Warren*, contra.

Совв, J. Bell sued out a possessory warrant against Felt for two mules. The mules were seized by the sheriff. At the hearing the court awarded the mules to Bell, upon his giving the bond required by law. Civil Code, § 4802. Felt gave notice of an intention to certiorari the case as authorized by law (Civil Code, § 4803), and within ten days a certiorari was sanctioned. At this stage of the case Bell filed an equitable petition, alleging that the sheriff was about to turn the mules over to Felt pending the certiorari, and praying that the sheriff be enjoined from so doing. The sheriff answered that under the law he was the authorized custodian of the mules pending the case, that he was required to have the property forthcoming to answer the final judgment, and that he had the right to make any arrangement for their safe-keeping that he deemed proper while he was responsible for them, taking the risk of being held liable in the event he did not have the property forthcoming to be delivered in conformity with the final judgment. The judge granted the injunction, and this is the error assigned.

The officer executing a possessory warrant is the authorized custodian of the property in dispute, from the time the property is seized on the warrant until the final judgment is rendered by the officer issuing the warrant, if there is no certiorari; or until the certiorari is finally disposed of, if one has been sanctioned in ten days from the judgment complained of. He is responsible for the property. He must have the property forthcoming to be delivered in conformity with the final judgment. He is not required by statute to deliver the property to any one pending the case. He may retain it in his own possession. If he delivers it to another, he does this at his peril. When the final judgment is rendered and he is called upon to deliver the property to the prevailing party, if he fails or refuses to comply with the order of the court, he may be attached for contempt, the party aggrieved may bring an action for damages against him, or there may be a suit on his official bond

as for a breach of official duty. How he shall dispose of the property during the pendency of the case is a matter left largely to his discretion. The law requires him to take care of the property, but does not set forth the details to be followed in taking care. He may keep it in his own possession, if he sees proper. He may entrust it to others at his peril. If the property is a beast of burden, and he allows others to work it, or works it himself, he may be liable for hire, and might not be allowed to charge for the keeping. See Civil Code, § 4385; *Price* v. *Cutts*, 29 *Ga.* 142. It may be that in justice the party from whose possession the officer has taken the property should be allowed to keep the same pending the certiorari, upon giving bond with security to have it forthcoming to answer the final judgment; but the statute does not so provide. The officer executing the warrant is declared by the statute to be the custodian of the property pending the case; and he should not be interfered with while he is discharging this duty, unless it is made to appear that he is allowing the property to be removed beyond the jurisdiction of the State, that he is insolvent and has no sufficient bond, or the securities on his bond are insolvent, or other sufficient reason exists for a court of equity to entertain a proceeding quia timet. No such reason appears in this case. The court therefore erred in granting the injunction.

*Judgment reversed. By five Justices.*