## BROWN v. TODD.

LUMPKIN, J. 1. This case is controlled by the decision in *Owens* v. *Outlaw*, 105 *Ga.* 477, where it was held: "A possessory warrant does not lie unless the defendant acquired possession of the property in dispute in one of the modes set forth in section 4799 of the Civil Code. Consequently, when upon the trial of such a warrant it affirmatively appeared that the defendant had, without fraud, obtained possession by virtue of a contract with the plaintiff, and the only question in issue was

whether or not, under the terms of such contract, it was the defendant's right to longer retain possession, it was erroneous to render a judgment in the plaintiff's favor.    His remedy, in such a case, was an action of trover, with a requirement of bail, if necessary.    *Trotti* v. *Wyly & Greene,* 77 *Ga.* 684." See also *Allen* v. *Printup,* 118 *Ga.* 630; *Susong* v. *McKenna,* 121 *Ga.* 97; *Wynn* v. *Wynn,* 68 *Ga.* 820.

2. The present case is distinguishable from those of *Meredith* v. *Knott,* 34 *Ga.* 222; *Hillyer* v. *Broydon,* 67 *Ga.* 24; *Wynn* v. *Harrison,* 111 *Ga.* 816; and *Sheriff* v. *Thompson,* 116 *Ga.* 436.    In those cases there was an agency, and possession by the agent was construed to be possession by the principal.    Wrongful taking from the agent's possession, or refusal on his part to deliver possession to his principal on demand, was held to be a tortious deprivation of the principal's possession.    In *Wynn* v. *Harrison* a father permitted his minor son to use a chattel for a particular purpose, the same principle was applied.

3. The power conferred upon the judge of the superior court, on the hearing of a certiorari from the ruling of a magistrate in a possessory-warrant case, to remand the case or give final judgment and direction therein, as he may see fit (Civil Code, §4807), has no application to a case in which possessory warrant is not the proper remedy.

*Judgment reversed.    All the Justices concur.*

Submitted January 18.—Decided February 19, 1906.

Certiorari.   Before Judge Gober.   Fannin superior court.   May 26, 1905.

*T. A. Brown,* for plaintiff in error.   *J. Z. Foster,* contra.