## 308. DENNARD & COMPANY *v.* BUTLER.

1. Possessory warrant is the proper remedy to recover possession of personal property where such possession has been obtained by fraud, violence, seduction, or other like means.
2. The undisputed evidence in this case clearly showing that the personal property was obtained by none of the means inhibited by the statute, but by consent, the judgment of the court sustaining the certiorari and making a final disposition of the case was without error.

Certiorari, from Bibb superior court—Judge Felton.　December 20, 1906.

Argued May 2,—Decided June 26, 1907.

*R. Douglas Feagin,* for plaintiffs.

*Hardeman & Jones, E. P. Johnston,* for defendant.

HILL, C. J.　This was a possessory warrant sued out to recover possession of a horse.　The justice decided the case in favor of the plaintiff, and the defendant filed a petition for the writ of certiorari.　This was granted, and on the hearing of the certiorari the superior court entered judgment sustaining the certiorari, "upon the ground that S. E. Dennard & Co. never had possession that would entitle them to maintain a possessory warrant."　Error is assigned to this judgment.

The following is a substantial statement of the facts:　Dennard & Co. were livery stable keepers.　They boarded a horse in the daytime for one Will Stewart, who used the horse at night to a public hack.　Stewart did not pay for the board of the horse, and Dennard & Co. thereupon told him that he could not get the horse.　Stewart stated that it would be impossible for him to pay the board due for the horse unless he could get him at night to use to pull his hack.　He told Dennard & Co. that he could, by using the horse, keep up the current board and pay 50 cents a day on the back board.　Dennard & Co. consented to let him take the horse out, with the understanding that the horse was to remain under their control and be brought back to their stable as soon as his work was done for the night.　The horse had been in the stable for 8 or 10 weeks before Dennard & Co. found out that he did not belong to Stewart, but to the defendant, R. L. Butler.　Butler was informed by Dennard & Co. that Stewart was not paying the board of the horse.　One afternoon a negro by the name of Banks, who was driving for Stewart, came to the stable, and, with the permission of Dennard & Co., took the horse out.　Butler, the owner of the horse, having previously told Stewart that he wanted him back, saw him in the possession of the negro, Banks, and demanded him from the negro, who voluntarily turned him over to Butler.

Possessory warrant is the remedy when any personal chattel has been taken, enticed, or carried away, either by fraud, violence, seduction, or other means, from the possession of the party complain-

ing, or when such personal chattel, having recently been in the just, peaceable, and legally acquired possession of such complaining party, has disappeared without his consent, and has been secured or taken possession of by the party complained against, under some pretended claim, or without lawful warrant or authority. Civil Code, §4799. "Unless it clearly appears that the defendant acquired possession in one of the modes inhibited by the [statute], there is nothing for the proceeding to rest on. Under a possessory warrant there is no question as to the title or as to the right of possession, but the sole question is as to the manner in which the possession has been obtained by the defendant." *Trotti* v. *Wyly,* 77 *Ga.* 684; *Brown* v. *Todd,* 124 *Ga.* 939, 53 S. E. 678. The plaintiff could have kept possession of the horse for the enforcement of his lien as a livery stableman; but he chose not to do so, and surrendered possession of the horse to Banks, who was not his agent, but the agent of Stewart. Banks surrendered possession peaceably and voluntarily to Butler, the owner. Butler's possession was obtained by consent and without fraud, violence, seduction, or other like means. These facts being undisputed, the superior court did right in sustaining the certiorari and making a final disposition of the case.          *Judgment affirmed.*