## 1631. COPELAND *v.* LUCAS.

Possessory warrant is available as a remedy as against one who takes possession of the personal goods of another without the consent of the latter and without lawful authority. It having been shown in this case that the party who sued out the possessory warrant was in prior peaceable possession of the property found in the defendant's possession, she established a prima facie case. The court was fully authorized to hold that the evidence in behalf of the defendant failed to rebut the case thus made. There was no error in dismissing the certiorari.

Certiorari, from Brooks superior court—Judge Mitchell. January 5, 1909.

Submitted February 24,—Decided March 23, 1909.

Hattie Lucas sought by possessory warrant to obtain certain household goods. On the trial of the case in a justice's court it appeared, that she was the owner of the goods, and that her husband delivered them to one Temer, from whom the defendant obtained them, the defendant claiming the right to hold them by agreement of herself and her husband, made before they were delivered to Temer, that he should hold them until payment of indebtedness for money furnished by him to her father to pay debts of the husband. Judgment in favor of the plaintiff was upheld on certiorari, and the defendant excepted.

*Branch & Snow,* for plaintiff in error. *J. D. Wade Jr.,* contra.

RUSSELL, J. The decision in this case is controlled by the rulings of the Supreme Court in *Marchman* v. *Todd,* 15 *Ga.* 25, and *Manning* v. *Mitcherson,* 69 *Ga.* 447 (47 Am. R. 764). The only point raised by the plaintiff in error is, that possessory warrant is not the proper remedy under the facts of the instant case, and that for that reason the judge of the superior court erred in overruling the certiorari. The insistence of counsel for the plaintiff in error is that inasmuch as there was no "fraud, violence, seduction, or other like means" used by the plaintiff in error to get possession of the goods, the defendant in error should have instituted bail-trover. The decision of this court in *Dennard* v. *Butler,* 2 *Ga. App.* 198 (58 S. E. 297), is relied upon as authority. The ruling in that case, following several decisions of the Supreme Court, is that possessory warrant is not available as a remedy to recover personal property, where the defendant has obtained possession by the consent of the plaintiff. That decision is not in point in a case where, according to the undisputed evidence, the possession of the property was acquired *without* the consent of the owner or former possessor. In that decision the rulings in *Trotti* v. *Wyly,* 77 *Ga.* 684, that, "unless it clearly appears that the defendant acquired possession in one of the modes inhibited by the [statute], there is nothing for the proceeding to rest on," and that "under a possessory warrant there is no question as to the title or as to the right of possession, but the sole question is as to the manner in which the possession has been obtained by the de-

fendant," are quoted; and the case of *Brown* v. *Todd,* 124 *Ga.*
939 (53 S. E. 678), is also cited, but there is nothing therein
which is in conflict with the earlier rulings in the *Marchman* and
*Manning* cases, supra. Possessory warrants are available under
§4799 of the Civil Code, it is true, wherever "any personal chat-
tel has been taken, enticed, or carried away, either by fraud, vio-
lence, seduction, or other like means, from the possession of the
party complaining;" and most of the reported cases have dealt
with this portion of the act of 1821. But while, under a posses-
sory warrant, title or right of possession is not at issue, the terms
of the original act of 1821, now embodied in that section of the
code, are equally applicable to instances where a "personal chat-
tel, having recently been in the quiet, peaceable, and legally-acquir-
ed possession of such complaining party, has disappeared without
his consent, and as he believes has been received or taken posses-
sion of by the party complained against, under some pretended
claim, and without lawful warrant or authority." In the *Man-
ning* case, supra, it was held that possessory warrant was the
proper remedy for the recovery of the woman's tame canary bird,
which, having disappeared without the knowledge or consent of
the owner, was received and taken possession of by a man who
refused to surrender it because he thought he had been discourte-
ously treated. There was no evidence on the line of the insis-
tence of the plaintiff in error in this case,—no evidence that Mr.
Manning obtained the canary bird by fraud, violence, or seduc-
tion, or in other like manner; but the court held that "a posses-
sory warrant will lie against any one who receives or takes pos-
session of a personal chattel under a pretended claim and without
lawful warrant or authority." In the *Marchman* case, supra,
Judge Lumpkin, discussing the preamble to the act of 1821, as
well as the act itself, shows that the law is not confined to cases
where possession has been obtained by fraud, violence, or seduc-
tion; and he so analyses the statute as a whole as to show that
it has a scope broad enough to include all cases where the change
of the possession of a personal chattel is effected without the
consent of the plaintiff and without authority of law. He sums
up the ruling of the court as follows: "It will be perceived,
moreover, that the law applies to every possession which has been
acquired without the consent of the opposite party or without au-

thority of law." The only case cited by counsel for the plaintiff in error, which by any construction would appear to be in conflict with the older and controlling authority from which we have just quoted, is that of *Owens* v. *Outlaw,* 105 *Ga.* 477 (30 S. E. 427); and careful reading of the *Owens* case shows it to be in accordance with the general principle that where the possession of the party complained against is obtained without the consent of the complaining party, and without warrant or authority of law, possessory warrant may be resorted to as a remedy. In the *Owens* case the defendant was in possession by virtue of a contract with the plaintiff. His original possession rested upon the plaintiff's consent, and the only question at issue was whether the defendant had the right, under the terms of the contract, to retain possession for a longer time.

The evidence in the present case was sufficient to authorize the conclusion on the part of the lower court that the plaintiff had never voluntarily parted with possession of her goods, and that they were obtained by the defendant to secure an indebtedness of the plaintiff's husband or father, without her consent and without authority of law. There was no error in dismissing the certiorari.　　　　　*Judgment affirmed.*