### ·14624.   WILBURN *v.* BEASLEY.

BELL, J.  A possessory warrant is not the proper means for the recovery of personal property, unless the property was taken from the possession of the complaining party "by fraud, violence, seduction or other means," or unless it, having disappeared without his consent, has been received or taken possession of, without lawful warrant or authority, by the per-

son against whom the warrant issues. In order to maintain the proceeding it must be shown that the property was taken without the complaining party's consent. *Lotz* v. *Walker*, 13 *Ga. App.* 329 (1) (2) (79 S. E. 169); *Pearson* v. *Abell*, 16 *Ga. App.* 634 (1) (85 S. E. 935); *Owens* v. *Outlaw*, 105 *Ga.* 477 (30 S. E. 427); *Brown* v. *Todd*, 124 *Ga.* 939 (1) (53 S. E. 678); *Dennard* v. *Butler*, 2 *Ga. App.* 198 (2) (58 S. E. 297); *Copeland* v. *Lucas*, 6 *Ga. App.* 6 (64 S. E. 113); *Henderson* v. *De Medicis*, 10 *Ga. App.* 190 (73 S. E. 27). In this case the plaintiff's testimony showed that the defendant came into possession of the hog in question, together with her increase, under an agreement between them that the defendant was to "keep the sow and raise on halves,". and that by virtue of this contract the defendant had possession of the sow and her pigs at the time the possessory-warrant proceeding was instituted. Upon this testimony the magistrate before whom the case was tried, on timely motion made therefor, should have dismissed the warrant, and it was error instead to render judgment in favor of the plaintiff. It follows that the judge of the superior court erred in overruling the certiorari.

As pointed out in *Brown* v. *Todd*, supra, this case is distinguishable from *Meredith* v. *Knott*, 34 *Ga.* 222; *Hillyer* v. *Brogden*, 67 *Ga.* 24; *Wynn* v. *Harrison*, 111 *Ga.* 816 (36 S. E. 643); *Sheriff* v. *Thompson*, 116 *Ga.* 436 (42 S. E. 738), and cases following these authorities, in that "in those cases there was an agency, and possession by the agent was construed to be possession by the principal. Wrongful taking from the agent's possession, or refusal on his part to deliver possession to his principal on demand, was held to be a tortious deprivation of the principal's possession."

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED OCTOBER 12, 1923.

Certiorari; from Laurens superior court—Judge Kent. April 23, 1923.

*Fred Kea,* for plaintiff in error.   *W. A. Dampier,* contra.