25521. AMERICAN PLANT COMPANY *v.* TIPPINS, constable.

DECIDED OCTOBER 29, 1936.

*I. J. Bussell,* for plaintiff.
*Wade H. Watson, H. L. Williams,* for defendant.

MacIntyre, J. A constable who executed a possessory warrant, and who was the custodian until final judgment in the case, could set up that the property in question was by him stored and entrusted to another person for safe-keeping, and that the property so stored and entrusted was stolen, and that the conduct of

himself and of the person to whom the property was so entrusted was in good faith in the circumstances under which they acted; and he could deny that the property was in his possession when the attachment for contempt was issued. When final judgment was rendered and the constable was called on to deliver the property to the prevailing parties, if he failed or refused to comply with the order of the court, he might be attached for contempt, the party aggrieved could bring an action for damages against him, or there might be a suit on his official bond for breach of his official duty. *Sumner* v. *Bell*, 118 *Ga.* 240 (44 S. E. 973). "Whether the sheriff [constable] would have been liable to the plaintiff in an action on the case, under the law, is not the question now before us; but the question here is whether the court erred in discharging the rule against the sheriff for *contempt of court* on the uncontroverted facts stated in his answer. It does not necessarily follow, because the sheriff would be liable under the law in an action on the case against him, that he would be liable to an attachment for contempt of court. The latter proceeding would depend on the good faith of his conduct, in view of the circumstances under which he acted, of which the court is to judge. In the former case, if he is liable under the law, in other words if the law will not protect him from liability to the plaintiff when sued for neglect of duty, then the court would be bound to administer the law applicable to the facts of the case, although the sheriff might have acted with entire good faith. In the one case, the court may exercise its discretion whether it will attach him for contempt of court or not. In the other, it would have no discretion but to administer the law applicable to the rights of the parties as shown by the evidence in the case, and render its judgment in accordance therewith." *Heard* v. *Callaway*, 51 *Ga.* 314, 316; *Lightfoot* v. *Freeman*, 54 *Ga.* 215. Under the evidence in this case, the court had the right to exercise its discretion whether or not it would attach the constable for contempt of court. We can not say that the court abused its discretion in refusing to find the constable guilty of contempt.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*