27258. STIFEL & SONS INCORPORATED *v.* MCCORMICK.

BROYLES, C. J. 1. A possessory warrant can not be maintained unless the property, for which the warrant was issued, was taken from the possession of the party complaining, without his consent, or unless the property, having recently been in his legally acquired possession, has disappeared without his consent, and has been taken possession of by the party complained against under some pretended claim and without lawful authority. Code, § 82-101; *Wilburn v. Beasley*, 31 *Ga. App.*

107 (119 S. E. 537); *Bryan* v. *Whitsett*, 39 *Ga.* 715, 717; *Trotti* v. *Wyly & Greene*, 77 *Ga.* 684; *Owens* v. *Outlaw*, 105 *Ga.* 477 (30 S. E. 427).

2. In the instant case, the agreed statement of facts failed to show that the property in question had ever been in the possession of the plaintiff, or that the defendant acquired possession of it without lawful authority. It follows that the court did not err in dismissing the warrant. The decision of this court in *Ayers.* v. *Swall*, 17 *Ga. App.* 519 (87 S. E. 763), cited by the plaintiff in error, was in reference to the right of a landlord to repossess, by possessory warrant, crops disposed of by his tenant, and is not applicable here, since landlords were given that special right by the act of 1889, now embodied in Code, § 61-503.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED FEBRUARY 14, 1939.

*H. M. Rylee,* for plaintiff. *Eugene A. Epting,* for defendant.