30343. McCANTS *v.* UNDERWOOD.

642

R. S. & C. W. Foy, for plaintiff.   Jule Fellon, for defendant.

SUTTON, P. J.   On June 10, 1943, Frances McCants sued out a possessory warrant against Mose Underwood for certain described personal property, which she alleged had recently been in her quiet, peaceable, and legally acquired possession, but which had been taken and carried away without her consent, by fraud, violence, seduction, or other means, and as she believed, had been harbored, received, or taken possession of by Mose Underwood under some pretended ·claim without lawful warrant or authority.   This possessory warrant was placed in the hands of a constable, who arrested the defendant, seized a portion of the property described in the warrant, and carried the defendant before the justice who issued the warrant.

At the trial counsel for the plaintiff stated to the court that he had been informed that certain items described in the warrant had not been located and turned over to the constable, and asked for an order incarcerating the defendant until such items were turned over to the constable.   The defendant objected to the granting of the order, and contended that he could not be legally committed to jail until the court judicially found that the property was in his possession, custody, or control, and that he had failed to produce the property to be dealt with as the court directed.   The justice then stated that he would hear the evidence, but would confine it to the production of the articles named in the warrant that had not been turned over to the constable.

On the hearing the plaintiff testified in part, that all of the articles named in the possessory warrant, including those alleged not to have been produced, were in the possession of her husband, K. C. McCants, before his death about December 15, 1942; that she was his wife, and that a few days after his death she moved from Butler, his home, to her former home in Roberta, and carried with her two parts of truckloads of personal property, which was her own property, and which had never been the property of her husband; that she had seen certain of the articles described in the possessory warrant, but not produced or turned over to the constable,

in the home of the defendant subsequently to the issuance of the warrant and on the day of the trial; that when she moved from Butler to Roberta, she locked the house and turned the keys over to the defendant. The defendant testified in part that he had owned a portion of the property described in the possessory warrant since 1932; that a portion of it had never been in the possession of his father; that he did not have any of the articles which he was alleged to have failed to produce in his possession at the time of the trial, nor had he ever had them in his possession; and that he knew nothing about them. There was other evidence, but it is not material to the controlling issues of the case.

The justice of the peace, on the above evidence, entered an order directing that the defendant be committed to the common jail of the county, after the expiration of five days, and providing that he might be relieved from such confinement by producing, within such time, the property which was described in the order and which consisted of the articles described in the possessory warrant over which the constable had not taken control, otherwise that he be held in said jail without bail until the property was produced or forthcoming, to be disposed of as the judgment of the court should direct.

To this order committing him to jail, the defendant gave notice of certiorari, and of his intention to apply for a supersedeas; and on June 14, 1943, presented his petition for certiorari to the judge of the superior court, who passed the following order thereon: "The within petition hereby sanctioned and ordered filed. Let writ of certiorari issue in terms of law. Ordered that the entire proceedings be and are hereby superseded until further order of this court. This June 14, 1943." Notice of sanction and waiver of all other notice and service were acknowledged by the plaintiff and by the justice who tried the case. To that portion of the order granting a supersedeas of the entire proceedings the plaintiff excepted pendente lite, and assigned error thereon in the bill of exceptions in this case.

The justice duly answered the writ of certiorari, and transmitted his answer and all the papers in the case to the superior court. The certiorari came on for hearing on October 16, 1943, at which time counsel for both parties agreed for the judge to hear and determine all questions of law and fact which might arise in the case. The

defendant in certiorari, Frances McCants, then moved the court to dismiss the certiorari on the ground that the only issue to be considered was the ability of the plaintiff in certiorari to surrender or produce the property described in the possessory warrant; and that since the judgment of the justice the plaintiff in certiorari had produced and surrendered the property to the constable, who allowed him to give bond therefor, and this bond was introduced in evidence. It obligated the plaintiff in certiorari to take care of the property and to turn the same over to the constable when called for by him. The judge overruled the motion to dismiss the certiorari, to which ruling the plaintiff in error excepted pendente lite and assigned error thereon. The judge then passed an order sustaining the certiorari and dismissing the possessory warrant, to which the defendant in certiorari excepted.

■ Before a trial is had on the merits of a possessory warrant, the constable should have possession of all of the property in question. *McClain* v. *Cherokee Iron Co.,* 58 *Ga.* 233 (4). The order of the justice in the present case that the defendant be confined in jail unless and until he produced and turned over to the constable the property described in the possessory warrant, was a preliminary order passed for the purpose of getting the property in the hands of the constable and under the control of the court. The issue before the court at the time this preliminary order was passed was the ability and liability of the defendant to produce the property in contest. Code, § 82-204; *Nash* v. *Mangum,* 141 *Ga.* 648 (81 S. E. 883). From an order of a justice committing a defendant to jail for failure to produce the property described in a possessory warrant, a petition for certiorari will lie to the superior court, where the defendant has the right to demand a trial before a jury upon the issue of fact as to his possession or control of the alleged property, and the verdict of such jury is conclusive on that issue. Code, § 82-301. In the present case it was agreed for the judge to pass upon all issues of law and fact without the intervention of a jury. "In certiorari cases, brought upon possessory-warrant proceedings, the judge of the superior court has full jurisdiction over all issues of fact." *Henderson* v. *Henderson,* 9 *Ga. App.* 559 (71 S. E. 876). Upon hearing the certiorari in possessory-warrant proceedings, the judge may remand the case or give final judgment and direction therein, as he may see fit. Code, § 82-303. Gen-

erally, where the evidence in a justice's court is conflicting, and a certiorari is sued out to the judgment rendered, if the certiorari be sustained, the case should be remanded for a rehearing, and a final judgment should not be rendered by the judge of the superior court; but in possessory-warrant proceedings, the statute expressly confers on the judge the power, upon hearing the certiorari, to remand the case or give a final judgment and direction as he may see fit; and where in his discretion he renders a final judgment, this court will not interfere therewith, unless the evidence be strongly and decidedly against such judgment, or unless he violates the law therein. *Burch* v. *Holliday,* 48 *Ga. App.* 237, 238 (172 S. E. 581), and cit. When the certiorari was called for trial in the superior court, the defendant in certiorari, Frances McCants, moved to dismiss the certiorari upon the ground that the issues had become moot, and introduced in evidence in support of this motion a voluntary bond executed by Mose Underwood as principal and Ida B. Childs as security, dated June 17, 1943, which recited that the constable had taken possession of all the property described in the possessory warrant, and obligated Mose Underwood and his security to take care of the property until the certiorari was determined and until the property was called for by the constable. This voluntary bond was not executed until after the lapse of more than five days from the rendition of the order by the justice on June 10, 1943, committing the defendant to jail for failure to produce part of the property described in the warrant, and was executed after the defendant had presented to the judge of the superior court his petition for certiorari and the judge had sanctioned the same and granted a supersedeas in the case. "The officer executing a possessory warrant is the authorized custodian of the property in dispute, from the time the property is seized on the warrant until the final judgment is rendered by the officer issuing the warrant, if there is no certiorari; or until the certiorari is finally disposed of, if there has been one sanctioned in ten days from the judgment complained of. He is responsible for the property. . . He may retain it in his own possession. If he delivers it to another, he does this at his peril. . . How he shall dispose of the property during the pendency of the case is a matter left largely to his discretion. The law requires him to take care of the property, but does not set forth the details to be followed in taking care of it.

He may keep it in his possession, if he sees proper. He may entrust it to others at his peril." *Sumner* v. *Bell*, 118 *Ga*. 240, 241 (44 S. E. 973). The bond in the present case was an arrangement whereby the constable entrusted the property to the care of the defendant and his surety pending the certiorari, and was a private arrangement between the constable and the defendant and his security. There was nothing in the bond to show that the constable found the property in the possession of the defendant or that the defendant had surrendered its possession to the constable. The bond merely recited that the constable had seized the property, and that, after the certiorari had been determined, the defendant and his surety would return the property to the constable if he called for it. Under these circumstances, the judge did not err in holding that the issues made by the certiorari were not moot and in overruling the motion to dismiss the certiorari.

The issue before the judge on the certiorari was the validity of the order of the justice committing the defendant to jail for failure to produce and surrender the property to the court. The evidence before the justice as to the ability of the defendant to produce this property was in sharp conflict. While the plaintiff testified that on the day of the trial she saw a portion of the property in the home of the defendant, the defendant testified that "he was in possession of no property described in the possessory warrant himself; that certain old items which the constable levied on were at the home occupied by his father but not at his; that he not only did not have any of the contested items in his possession at the time of the trial, but did not have them at the time of the assignment of the year's support, nor did he ever have them in his possession, and that he could not produce them because he knew nothing about them; that he had been of all the aid he could to the parties and [to] the constable in finding whatever was looked for." Under the conflict in the evidence of the case, we can not say that the judge's order sustaining the certiorari and dismissing the possessory warrant, is without evidence to support it, or that it is strongly and decidedly against the weight of the evidence, or that it is contrary to law for any reason assigned; and the judge did not abuse his discretion in sustaining the certiorari and dismissing the warrant.

■ The plaintiff in error's contention that the judge, in sanc-

tioning the petition for certiorari, erred in staying the entire proceedings until the further order of the court is without merit and shows no harmful error. The order staying the proceedings did not change or alter the possession of the property, nor prejudice any right of the plaintiff with respect thereto. It is the duty of the officer seizing property under a possessory warrant to retain custody of it until a final hearing and judgment in the case. *Sumner* v. *Bell,* supra. Under the provisions of the Code, § 82-302, the notice of intention to certiorari, when served on the opposite party, operates as a supersedeas for ten days, and under the provisions of § 19-213, "the writ of certiorari, when granted in civil cases, shall operate as a supersedeas of the judgment until the final hearing in the superior court." The order of the judge in the present case merely maintained the status of the property in the hands of the officer who had seized it until the judge could hear and determine the certiorari and enter a final judgment thereon; and such order was not error for any reason assigned.

■ The plaintiff in error contends that the court, when he sustained the certiorari, erred in dismissing the possessory warrant. "The writ of certiorari lies to every decision of a court upon a possessory warrant to be sued out as in other cases." Code, § 82-301. And under the agreement in this case, the judge was authorized to pass upon all issues of law and of fact made by the certiorari without the intervention of a jury. The issue before the court was the legality of the order committing the defendant to jail for failure to produce and turn over to the justice's court certain property called for by the possessory warrant. While only a portion of the property called for by the warrant was in contest, both the plaintiff and the defendant testified with respect to all of the specified property. The plaintiff's testimony in part was as follows: That all of the property set out in the warrant was in the possession of her husband, K. C. McCants, at the time of his death; that after his death she moved from his home in Butler to her former home at Roberta, and turned over the keys of her deceased husband's house to the defendant; that about the time of her husband's death, she loaned the defendant a gun; that she saw a portion of the property at the defendant's home on the day of the trial. The evidence does not demand a finding that the plaintiff had ever been in possession of the property set out in the possessory warrant, or that the de-

fendant had acquired possession of any of such property without lawful authority, as required by the Code, § 82-101, and the court did not err in so holding, and in dismissing the warrant. *Stifel & Sons* v. *McCormick, 59 Ga. App.* 449 (1 S. E. 2d, 220).

While the justice had stated on the trial in his court that he would confine the evidence to the contested articles, the evidence before the superior court dealt with all of the property described in the possessory warrant, and under this evidence the judge was authorized to find that the order of the justice committing the defendant to jail was illegal for the reason that the evidence failed to authorize the plaintiff to maintain or proceed with the possessory warrant, and that the warrant was proceeding illegally.

Under the facts and the law applicable to this case, the judge, when he sustained the certiorari, did not err in dismissing the possessory warrant.

*Judgment affirmed. Felton and Parker, JJ., concur.*