DAVIS *v.* LOGAN, County Commissioner, *et al.*

HAWKINS, Justice. On November 8, 1949, Ralph Davis, as Sheriff of Gilmer County, Georgia, brought his petition in Gilmer Superior Court against B. C. Logan, as County Commissioner, and Charlie Puckett, as Coroner of Gilmer County, which petition as amended alleged substantially: that the plaintiff in the performance of his duties as sheriff had installed in his automobile a radio which had been purchased by the defendant Logan, as Commissioner of Gilmer County, on the recommendation of the grand jury, and by Logan delivered to the plaintiff; that it was a needful and necessary appliance and contrivance to be used by the sheriff in policing and patrolling Gilmer County, and that the radio had been furnished him by the defendant Logan for that purpose, and was being used by him in the performance of his duties as sheriff; that the defendant Logan is undertaking to take possession of the radio, and threatening to sell the same, and has offered it for sale, and

unless he is prevented from so doing, he will mutilate the plaintiff's automobile by removing the radio therefrom, and the result would be to hinder and prevent the plaintiff from the proper enforcement of the criminal laws of this State and from performing his duties as a police officer of said county, and unless the said defendant is prevented from so doing, he will unlawfully dispose of said radio, which is valuable property belonging to said county, and which is serviceable and is being used and is useful for county purposes; that by his acts the defendant Logan is acting capriciously and because of personal feeling against the plaintiff, and without due regard for the best interest of Gilmer County, and the enforcement and administration of the criminal laws of said State and county; that in supplying the radio the county commissioner acted within his authority and should not be permitted to deny to the plaintiff the right to retain possession of said property for the purpose for which it was intended; that, in order to carry out his illegal scheme, the defendant Logan has sued out a possessory warrant, which was placed in the hands of the defendant Charlie Puckett, as Coroner of Gilmer County, with instructions to seize the radio, and that the same would be seized by the defendant Puckett unless prevented by injunction; that to permit the defendants to obtain possession of the radio in the manner alleged, would cause the plaintiff irreparable damage; and that he has no complete and adequate remedy at law. The plaintiff prayed: (a) for process; (b) that the defendants be temporarily and permanently restrained and enjoined from proceeding further with the possessory-warrant proceedings, and from interfering with the lawful use of the radio by the plaintiff in the performance of his duties as sheriff of said county; (c) for a rule nisi and a temporary restraining order; and (d) for general relief. To this petition the defendants demurred upon the ground that "there is no ground for equity, as the petitioner has a complete remedy at law, and petition does not set out any matter or thing of equity." To the judgment sustaining this ground of the demurrer and dismissing his petition, the plaintiff excepts. *Held:*

1. A possessory warrant does not lie unless the defendant therein acquired possession of the property in dispute in one of the modes set forth in the Code, § 82-101; that is, unless the property was taken from the possession of the complaining party by fraud, violence, seduction, or other means, or unless it, having disappeared without his consent, has been received or taken possession of without lawful warrant or authority by the person against whom the warrant issues. In order to maintain such a proceeding, it must be shown that the property was taken without the complaining party's consent. *Owens* v. *Outlaw,* 105 *Ga.* 477 (30 S. E. 427); *Susong* v. *McKenna,* 121 *Ga.* 97 (48 S. E. 695); *Brown* v. *Todd,* 124 *Ga.* 939 (53 S. E. 678); *Dew* v. *Smith,* 130 *Ga.* 564, 569 (4) (61 S. E. 232); *Wilburn* v. *Beasley,* 31 *Ga. App.* 107 (119 S. E. 537); *Stifel & Sons Inc.* v. *McCormick,* 59 *Ga. App.* 449 (1 S. E. 2d, 220).

2. Before a trial is had on the merits of a possessory warrant, the executing officer should seize and have in his possession, and is the authorized custodian of, the property in dispute until a final judgment is rendered by the officer issuing the warrant, if there is no certiorari, or until the

certiorari is finally disposed of, if one is sanctioned within ten days from the judgment complained of. Code, § 82-101 et seq.; *Sumner* v. *Bell,* 118 *Ga.* 240 (44 S. E. 973); *McCants* v. *Underwood,* 70 *Ga. App.* 641 (29 S. E. 2d, 287).

3. While any public property which has become unserviceable may be sold or otherwise disposed of by order of the proper authority (Code, § 91-804), a county commissioner cannot sell or otherwise dispose of any public property unless the same becomes unserviceable (*Killian* v. *Cherokee County,* 169 *Ga.* 313 (2-a), 150 S. E. 158); and public property becomes unserviceable within the purview of this law so as to empower the proper authority to sell the same when such property cannot be beneficially or advantageously used under all the circumstances. *Trapnell* v. *Candler County,* 146 *Ga.* 617 (91 S. E. 771). In *Waller* v. *State,* 80 *Ga. App.* 488, 491 (56 S. E. 2d, 491), it is said of the radio in use by peace officers that "It is apparent that this comparatively modern device of radio broadcasting is largely used by our peace officers in alerting other peace officers on duty and guard, is effective in apprehending criminals on the highways, and other places, and is of great service and benefit to the general public."

4. While equity will not take cognizance of a plain legal right where an adequate and complete remedy is provided by law (Code, § 37-120), and while, under the rules announced in headnote 1, it appears from the allegations of the petition that the plaintiff would have a complete and adequate defense at law to the possessory-warrant proceeding, and while the damage, if any, resulting from the mutilation or injury to the plaintiff's automobile by reason of the removal of the radio equipment by the executing officers would be capable of definite ascertainment and recovery in a court of law—it appears from the further allegations of the petition and, under the rulings announced in headnote 2, that the plaintiff would be deprived of the use of the radio equipment pending the final determination of the possessory-warrant proceeding, and damage for such deprivation of use would, from its nature, be incapable of definite ascertainment; and the plaintiff is without an adequate legal remedy to prevent the alleged illegal sale and disposition of the property by the defendant commissioner. "A remedy at law, to exclude appropriate relief in equity, must be complete and the substantial equivalent of the equitable relief. It is not enough that there is a remedy at law. It must be plain and adequate, or, in other words, as practical and as efficient to the ends of justice and its prompt administration as the remedy in equity." *Atlantic Coast Line Railroad Co.* v. *Gunn,* 185 *Ga.* 108, 110 (194 S. E. 365). See also *McLaren* v. *Steapp,* 1 *Ga.* 376; *Hollingshead* v. *McKenzie,* 8 *Ga.* 457 (2); *Ponder* v. *Cox,* 28 *Ga.* 305; *Conyers* v. *Bowen,* 31 *Ga.* 382; *Fleming* v. *Blosser Printing Co.,* 118 *Ga.* 86 (44 S. E. 805); *Goolsby* v. *Board of Drainage Commissioners,* 156 *Ga.* 213 (119 S. E. 644); *Smith* v. *Hancock,* 163 *Ga.* 222 (2) (136 S. E. 52); *Denson* v. *Tarver,* 186 *Ga.* 180 (197 S. E. 242); *Clarke County* v. *Gamble,* 136 *Ga.* 382 (71 S. E. 797); Code, § 55-101.

5. Applying the foregoing principles to the allegations of the petition in this case, the trial court erred in sustaining the demurrer and dismissing the plaintiff's petition. See, in this connection, *Gaylor* v. *Citizens Auto-*

*mobile Co., 170 Ga.* 91 (152 S. E. 110); *Gaylor* v. *Citizens Automobile Co., 172 Ga.* 476 (158 S. E. 1); *Tippins* v. *American Plant Co., 178 Ga.* 726 (174 S. E. 378); *Elder* v. *Camp, 193 Ga.* 320 (18 S. E. 2d, 622).

*Judgment reversed. All the Justices concur, except Duckworth, C.J., and Atkinson P.J., who dissent. Head, J., concurs in the judgment only.*

No. 16970. FEBRUARY 15, 1950.

*Henderson & Burtz,* for plaintiff.

*O. L. Foster* and *William Butt,* for defendants.