### 23608. WARD v. WALKER.

QUILLIAN, Justice. Isaiah Walker brought suit for injunction against Lonnie Ward in the Superior Court of Chattooga County. The petition alleged the defendant leased to the plaintiff, for a period of five years, a certain farm in the county; according to the terms of the lease the defendant granted to the plaintiff, his heirs and executors, the right to occupy and control the farm for an annual rental of one fourth of the cotton and one third of the corn produced on the farm. The defendant procured the issuance of a dispossessory warrant to remove the plaintiff from the farm; whereupon, the latter filed a counter affidavit and bond as required by *Code* § 61-303; the defendant then manually and without any legal process took possession of the farm and the cultivation of the same which the plaintiff had begun previously in compliance with the

lease. The petition further related that the defendant refused to discuss the matter with the plaintiff. The petition prayed injunction to restrain the defendant from continuing to exclude the plaintiff from possession of the farm and from preventing his cultivation of the crops.

The defendant demurred generally to the petition and on the ground that the plaintiff had an adequate remedy at law in defending the dispossessory warrant proceedings. The trial judge overruled the demurrers. *Held:*

The sole question for discussion is whether the petition set forth cause to restrain the defendant from forcibly taking from the plaintiff the rented premises and preventing him from cultivating the crops. This court held in *Reeve v. Hicks,* 197 Ga. 181, 186 (28 SE2d 649): "In a proper case seeking to restrain irreparable damage to the proper exercise of his lease, the tenant would be entitled to injunction." *Imperial Hotel Co. v. Martin,* 199 Ga. 801, 805 (35 SE2d 502). The defendant, appellant, insists that the case is not applicable here because the petition does not allege the damages were irreparable or that the landlord was insolvent, and it appears from the averments of the petition that the plaintiff had an adequate remedy at law in that, if the plaintiff should prevail in the dispossessory case, he could recover damages in the same proceeding. *Code* § 61-303. However, it affirmatively appears from the petition that the defendant instituted the dispossessory warrant against the plaintiff and that the plaintiff had filed the counter affidavit and bond required by the statute and was entitled, upon the filing of the affidavit and bond, to contest the issue as to whether he was entitled to occupy the rented premises and not simply to contest the question of whether he had a right to damages on account of being wrongfully evicted through the dispossessory warrant proceedings. *Code* § 61-303 provides: "The tenant may arrest the proceedings and prevent the removal of himself and his goods from the land by declaring on oath that his lease or term of rent has not expired, and that he is not holding possession of the premises over and beyond his term, or that the rent claimed is not due, or that he does not hold the premises, either by lease, or rent, or at will, or by sufferance, or otherwise, from the person who made the affidavit on which the warrant issued, or from anyone under whom he claims the

premises, or from anyone claiming the premises under him; Provided, such tenant shall at, the same time tender a bond with good security, payable to the landlord, for the payment of such sum, with costs, as may be recovered against him on the trial of the case."

The case made by the petition is not simply one to prevent the forcible and wrongful eviction of the tenant without due process of law, but the cause alleged is to prevent such eviction and to enjoin the defendant from preventing the plaintiff from contesting his right of possession in the dispossessory warrant case. The defendant having chosen to procure the issuance of a dispossessory warrant under *Code* § 61-302, and the plaintiff having filed the statutory counter affidavit and bond, thus joining issue regarding the right of possession, the defendant could not in equity and good conscience deprive the plaintiff of possession vi et armis and thus relegate him to the recovery of such damages as he might be able to prove.

Equity will enjoin the defendant from perpetrating a wrong through which the plaintiff is deprived of the full protection of a statute of the State, although the plaintiff may still have some legal redress not as adequate and complete as that of which the defendant deprives him. "A remedy at law, to exclude appropriate relief in equity, must be complete and the substantial equivalent of the equitable relief. It is not enough that there is a remedy at law. It must be plain and adequate, or, in other words, as practical and as efficient to the ends of justice and its prompt administration as the remedy in equity." *Atlantic C. L. R. Co. v. Gunn,* 185 Ga. 108, 110 (194 SE 365); *Davis v. Logan,* 206 Ga. 524, 526 (4) (57 SE2d 568), and cases cited. The trial judge did not err in overruling the defendant's demurrers to the petition.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 12, 1966—DECIDED SEPTEMBER 8, 1966.

*Cook & Palmour, A. Cecil Palmour,* for appellant.
*Thomas J. Espy, Jr.,* for appellee.