### 31163. BOARD OF COMMISSIONERS OF RANDOLPH COUNTY v. FAIRCLOTH.

NICHOLS, Chief Justice.
Randolph County, by and through its Board of

Commissioners, brought a suit in equity asking for the return of a county automobile being held by T. E. Faircloth, Randolph County Sheriff. The automobile was purchased by the county through a jointly funded program with the Law Enforcement Assistance Administration. The Law Enforcement Assistance Administration funds for the purchase of said automobile were administered by the State Crime Commission of Georgia. The program was effectuated by a grant contract between the State Crime Commission and the county. The term of the original contract was September 1, 1973 to September 30, 1974 and the program was renewed by a subsequent contract covering a term from October 1, 1974 to September 30, 1975. The contracts and program were governed by the provisions of the Omnibus Crime Control and Safe Streets Act of 1968, P. L. 90-351, as amended. The county was permitted to expend funds received under the grant for equipment designed to improve and strengthen law enforcement and criminal justice, including activities pertaining to crime prevention.

The automobile in question was part of the equipment purchased by the appellant with such funds and was titled solely in the name of the county. The automobile was placed in the sheriff's possession to be used as a special investigator's car. In August, 1975 the county commission voted unanimously to discontinue the special investigator's position in Randolph County, which position was also jointly funded with Law Enforcement Assistance Administration funds. Upon termination of the program, the county commissioners made demand upon the sheriff for return of the county-owned automobile. The demand was not complied with and thereafter, the present complaint seeking a mandatory order directing the sheriff to turn over the automobile and for a restraining order forbidding the sheriff to use the said automobile was filed. The case was heard and the court entered an order that the county had an adequate remedy at law and therefore could not seek equitable relief. The court dissolved a temporary restraining order prohibiting the sheriff from using the automobile.

The trial court has made no adjudication upon the merits of the county's claim to the automobile and such

question will not be passed upon in this court. The sole issues presented relate to whether or not an action in equity would lie and whether or not the trial court erred in dissolving the temporary restraining order and in failing to grant the temporary injunction.

" 'A remedy at law, to exclude appropriate relief in equity, must be complete and the substantial equivalent of the equitable relief. It is not enough that there is a remedy at law. It must be plain and adequate, or, in other words, as practical and as efficient to the ends of justice and its prompt administration as the remedy in equity.' *Atlantic C. L. R. Co. v. Gunn,* 185 Ga. 108, 110 (194 SE 365); *Davis v. Logan,* 206 Ga. 524, 526 (4) (57 SE2d 568), and cases cited." *Ward v. Walker,* 222 Ga. 451, 453 (151 SE2d 228) (1966).

The complaint in this case was not merely to obtain the alleged county-owned vehicle but to prevent its further use and depreciation by the defendant, as well as to obtain its use for other county purposes to which it could legally be put. The judgment of the trial court dissolving the temporary restraining order and refusing to enter a temporary injunction upon the ground that the appellant could not seek the aid of equity to recover such property must be reversed.

*Judgment reversed. All the Justices concur.*

ARGUED JUNE 14, 1976 — DECIDED
JUNE 23, 1976.

*Bowles & Bowles, Jesse G. Bowles, III,* for appellant.
*Smith, Geer, Brimberry & Kaplan, Peter Zack Geer, Dan MacDougald,* for appellee.