## MANN *vs.* WATERS.

1. On the trial of a possessory warrant, the Judge ought to adjudge the possession to the plaintiff, if the property has been *enticed* away from him by the defendant, or if the property having been in his recent peaceably and legally acquired possession, has gone out of it *without his consent*, and has gone into the possession of the defendant without legal authority.

2. The judgment on a former warrant between the same parties and covering the same property, is relevant to show that the plaintiff's former possession of which he has been deprived, was a "legally acquired one," when taken in connection with proof that the property had been delivered to him in pursuance of the judgment.

3. Any limit which may have been put by such former judgment upon the *time* during which the possession was to continue, is irrelevant on this issue.

Possessory Warrant. Tried in Monroe county, at Chambers, on the 3d March, 1860, by Judge CABANISS.

This was a possessory warrant brought by the defendant in error against the plaintiff, for the recovery of certain negroes. The plaintiff introduced in evidence the judgments on two former possessory warrants adjudging these same negroes to her possession, and proved that the negroes were delivered to her by the officer in pursuance of those judgments, one of the judgments covering a portion of the negroes and he other covering the rest. She also proved that the ne-

groes had been in her possession for some time, up to the first Monday in January last, but had disappeared between that day and the next Wednesday. She showed by the sheriff who executed the present warrant, that he found the negroes in possession of the defendant. She then closed. Before the plaintiff had opened her case, the defendant moved for a continuance, in order to get testimony that the judgments aforesaid, while adjudging the possession to the plaintiff, limited it to the 25th December last. The Court refused the continuance, holding the testimony to be irrelevant, and the defendant excepted; and this is the first assignment of error. When the plaintiff tendered the judgments on the two former warrants with the proceedings antecedent thereto, the defendant objected to them, on the ground—first, that they were not properly proven; and second, that they were not relevant to the issue. The Court required the papers to be proven, and they were then proven by a witness who testified that he saw them all executed as they purported to have been; but overruled the objection on the ground of irrelevancy, and the defendant excepted; and this is the second assignment of error. When the plaintiff had closed, the defendant introduced a bill of sale made to him by the plaintiff on the 6th January, 1859, covering the negroes in dispute, and proved the acknowledgements of the plaintiff during that year, that the negroes were to stay with her only till Christmas. In rebuttal, the plaintiff proved that defendant had agreed to let her have the negroes back whenever she might replace the purchase money, and that before Christmas she, through her agent, had tendered purchase money back to defendant, but he had refused to return the negroes to her.

Upon this testimony, the Judge adjudged the possession of the negroes to the plaintiff, and the defendant excepted; and this is the third assignment of error.

GEORGE T. BARTLETT and ROBERT P. TRIPPE, for plaintiff in error.

C. PEEBLES, *contra.*

Mann *vs.* Waters.

*By the Court.*—STEPHENS, J., delivering the opinion.

1. The evidence in this case is sufficient to support two conclusions, either one of which required the Judge to adjudge the possession of these negroes as he did, to Mrs. Waters. One is, that the negroes being in her possession, were *enticed* out of it by the defendant into his possession; and the other is, that the negroes having been in her recent and peaceably and legally acquired possession, had gone out of it *without her consent,* and had been taken possession of by Mr. Mann without any legal authority. Under the statute regulating possessory warrants, (*Cobb's Dig.,* 591,) there is no question as to title nor as to the right of possession; the sole question is as to the manner in which the possession has been obtained by the defendant. If it turns out to have been obtained, as in this case, in any of the several ways prohibited by the statute, it must be restored to the person from whom it has been taken in such improper manner. The parties must be placed in *statu quo ante, etc.*

2. The relevancy of the former judgments in connection with the proof that the negroes had been delivered by the officer in pursuance of the judgments, was to show that her possession had been "legally acquired."

3. The continuance was properly refused, because the evidence to be got by it was irrelevant for the reason already given.

Judgment affirmed.