WINIFRED BRYAN, by her next friend, plaintiff in error, vs. THOMAS WHITSETT, defendant in error.

1. When the husband refused to take the benefit of the Homestead Act, and the wife filed her petition and schedule in the Court of Ordinary, praying to be allowed the property exempt, for the use of the family, and before the order, allowing her the property exempt, had passed in the Court of Ordinary, the husband was adjudged a bankrupt, and the property included in the wife's schedule was afterwards sold by the assignee in bankruptcy: *Held*, that the wife cannot recover the property, by possessory warrant, from the purchaser at the sale made by the assignee in bankruptcy.

Possessory warrant. Bankruptcy. Before Judge COLE. Dooly Superior Court. October Term, 1869.

On the 16th of December, 1868, Mrs. Bryan filed her petition with the Ordinary of said county for the exemption of certain personal property, a wagon and stock worth $250 00, under the "Homestead Act" of 1868, and it was accordingly set apart for her on the 28th of said month. On the 21st of said month her husband had been adjudged a voluntary bankrupt, under the Act of Congress. In January, 1869, the Register conveyed all the bankrupt's property to his assignee in bankruptcy. The assignee, in April, 1869, at regular assignee's sale, sold said personal property to Whitsett. Mrs. Bryan sued out a possessory warrant against

Whitsett to get possession of said property. On the trial it was shown that the bankrupt had owned and possessed the property for several years and that no actual change of that possession was made till said assignee acquired possession. Mrs. Bryan testified that she had claimed the property ever since her said petition was filed, though it had been used just as it was before she claimed it, and her son testified that he had it in possession, by his father's permission; that his father ordered him to deliver it to the assignee, but he took it to his father, saying he would not carry it to the assignee, because he considered it his mother's. When Mr. Bryan was taking it to the assignee his wife objected and he promised to return it to her on the next day. Before Whitsett bid off the property it was stated that Mrs. Bryan claimed the property as aforesaid, but the Register said he had consulted able counsel, who said her claim was worthless as against the assignee's title.

The magistrate, before whom this trial was had, decided, under those facts, that title passed to Mrs. Bryan at the date of her application, and that under the Homestead laws, and the nature of the property, the husband's possession from that date was her's. He, therefore, refused to dismiss the warrant upon a motion made therefor, and ordered the property to be delivered to Mrs. Bryan.

A *certiorari* was sued out. The judgment of the magistrate was reversed, upon the ground that Mrs. Bryan had never had possession of said property, and that the warrant should have been dismissed and the property should have been restored to Whitsett. All this is assigned as error.

PHIL. COOK, by S. HALL, R. F. LYON, F. T. SNEAD, for plaintiff in error, cited, as to the law of such warrants, sections 3956, 3959, Irw. Code; 25th Ga. R., 25; 30th Ga. R., 127, 207 ; 15th Ga., 25; husband can not deprive wife of the exemption, 35th Ga., 184 and the Homestead Act, and said that even under the Bankrupt Law this property was exempt.

C. T. GOODE, by R. H. CLARKE, for defendant in error.

BROWN, C. J.

The husband in this case refused to take the benefit of the Homestead and exemption of personal property, for the use of his family, and the wife filed her petition and schedule in the Court of Ordinary, praying to be allowed the property exempt by law for the benefit of the family. After the filing of her petition, and before the order of the Court of Ordinary allowing her the exemption, the husband was adjudged a bankrupt. The property remained on the premises where the husband and wife resided, from the time when the wife filed her petition in the Court of Ordinary till a day or two before the sale, when it was taken possession of by the assignee in bankruptcy, with the assistance of the husband, and was sold by the assignee, when Whitsett became the purchaser, and paid the price for which it was bid off to the assignee, which went to the creditors of the husband. After this sale, Mrs. Bryan, the wife, sued out her possessory warrant against Whitsett for the recovery of the possession of the property, which was adjudged to her by the Notary Public who heard the case, who, under our Constitution, is ex officio a Justice of the Peace. A certiorari was sued out, and the case was afterwards heard in the Superior Court, when the judgment of the Justice of the Peace was reversed by the Superior Court. That judgment is brought here for review.

We think the judgment of the Superior Court was right. To sustain a possessory warrant, it must appear that the personal property, the subject matter of the litigation, was in the " peaceable and legally acquired possession of the complaining party," and that it was taken, enticed or carried away, either by fraud, violence, seduction, or other means, from the possession of such party, or that it has disappeared without his consent, and has been received or taken possession of by the party complained against, under some pretended claim, and without lawful warrant or authority. This case presents no such state of facts. This property was taken possession of by the agent of the law, and by authority of law. If a sheriff should find the property of another person

in the possession of a defendant in *fi. fa.*, and should levy on and sell it, the purchaser could not be said to take possession of, or to receive the property without lawful warrant or authority. He who purchases property at the sale of an officer of the law, acquires the *possession* legally, and the owner, if there be a better title, cannot recover the property by possessory warrant. He must bring trover or other proper action to try the title.

We express no opinion as to the title in this case, as that question is not made by this record.

Judgment affirmed.