The petition for certiorari presented to the court below contained no legally suf-
ficient assignment of error, save one to the effect that the verdict therein com-
plained of was contrary to law and the evidence; and as the answer of the
magistrate in whose court the trial was had neither adopted as correct the
brief of evidence incorporated in the petition nor set forth the evidence which
was introduced at the trial, and as no steps were taken by the plaintiff in cer-
tiorari to have the magistrate's answer perfected, the case was ripe for dis-
missal when called for a hearing in the superior court.

Argued May 4,— Decided June 1, 1903.

Certiorari. Before Judge Felton. Bibb superior court. Feb-
ruary 21, 1902.

*M. Felton Hatcher* and *Guerry & Hall,* for plaintiff in error.
*Hardeman, Davis, Turner & Jones* and *E. P. Johnston,* contra.

SIMMONS, C. J.    It appears from the record in this case that the
defendant in error caused a summons of garnishment to be served
upon the Southern Railway Company, calling upon it to answer as
to its indebtedness, if any, to George D. Tyner; that the garnish-
ment was dissolved by his giving bond and security, as provided
for by statute; that the case was tried before a jury in the justice's
court from which the summons issued; and that their verdict was
adverse to him.    It further appears that he sued out a writ of cer-
tiorari, but, owing to the fact that his petition did not disclose that
he had dissolved the garnishment by giving bond and security, the
proceedings were dismissed on motion of the defendant in certiorari;
and that he (Tyner) subsequently undertook to renew the suit by
presenting to the superior court a second petition for certiorari,
which was duly sanctioned.    The complaint presented by the bill
of exceptions is that the court below erred in again dismissing the
case on motion of counsel for the defendant in certiorari.    One of
the grounds of this motion was that the petition for certiorari failed
to "point out any error with sufficient particularity, . . or put the
court on notice of what issue was made and tried in the justice
court."    The first assignment of error made in the petition is that
counsel for Tyner was not permitted to ask him, while testifying
as a witness, a certain question; but no attempt to inform the court
as to what facts were thus sought to be elicited is made.    This as-
signment of error is wholly without merit.    *Bigby* v. *Warnock,*

115 *Ga.* 386; *Freeman* v. *Mencken*, Id. 1017. Another assignment is that Tyner, while on the stand as a witness, was compelled to answer, over objection of his counsel, a certain question propounded by counsel for the opposite party. What this objection was is not disclosed, nor is the answer of the witness set forth. Such an assignment of error can not be considered by a reviewing court, as has been repeatedly held. The petition for certiorari also sets forth the complaint that "the jury erred in finding said verdict holding the said sum in the hands of the garnishee subject to the execution of the said plaintiff, because the answer of the said garnishee showed that the sum so in its hands was for the daily and monthly wages of your petitioner, and the evidence in the case showed that said wages were not subject to the process of garnishment." The merits of this complaint can not be determined, since the answer of the magistrate neither adopts as correct the brief of evidence incorporated in the petition nor discloses what evidence was introduced at the trial in his court. On the contrary, the only reference to the evidence made in the answer was as follows: "Respondent also asks that his statement of the evidence given in his answer to the first certiorari be used in this answer, as he can not more satisfactorily recall said testimony; and he believes the evidence therein stated is true, in substance, as he is generally careful in reciting evidence in his answers." The magistrate did not attach as an exhibit any document purporting to show what was "his statement of the evidence given in his answer to the first certiorari." This being so, his answer to the second writ of certiorari served upon him was, in the respect just indicated, fatally defective, and the plaintiff in certiorari should have taken the proper steps to have the magistrate's answer perfected. "An incomplete answer to a writ of certiorari can be perfected only in the event of the party dissatisfied with such answer complies with the requirements of the Civil Code, § 4647, as to specifying in writing the defects therein, and giving to the opposite party due notice of the exceptions taken thereto, before the case is called for a hearing in the superior court." *Ford* v. *Toomer*, 116 *Ga.* 795. And, to the same effect, see *Stoner* v. *Magins*, 116 *Ga.* 797. No effort whatever appears to have been made by the plaintiff in certiorari to comply with the provisions of the section of the code just cited.

We find in the bill of exceptions what purports to be a copy of

the answer which the magistrate made to the first writ of certiorari sued out by Tyner.    The bill of exceptions does not, however, furnish any explanation as to how this copy came to be improperly incorporated in it.   His honor could not with propriety have treated the original document from which this copy was made as constituting a part of the answer which the magistrate made to the second writ of certiorari, for the reason that the identification of this document as that to which he referred would necessarily have to depend entirely upon extrinsic proof, which could not properly be received in the absence of exceptions to the magistrate's answer filed before the case was called in the superior court for a hearing.    There is no hint in the bill of exceptions that counsel for the defendant in error agreed that the document just mentioned should be regarded by the judge as forming a part of the answer, nor does it appear that he treated this document as that to which the answer referred. Certainly, without the consent of the defendant in error, the judge had no right to consider this document at all in passing upon the motion to dismiss, and it is not to be presumed that he did so.   "At the hearing of a certiorari in the superior court, nothing can be considered by the judge but the petition and the answer" (*Gildea* v. *Hill*, 115 *Ga.* 136), unless both parties agree that the court may consider facts not appearing in the record (*Barnett* v. *Tant*, Id. 659), notwithstanding the judge may have private knowledge concerning facts not therein disclosed.    See, in this connection, *Cramer* v. *Truitt*, 113 *Ga.* 970, and the case of *Scroggins* v. *State*, 55 *Ga.* 380, which is cited approvingly and followed.

The motion to dismiss also called into question the right of the plaintiff in certiorari to renew the action in the superior court by presenting, within six months after its dismissal in that court, a second petition; but as this petition contained no assignment of error which could be considered, the case should have been dismissed, irrespective of whether the motion did or did not present other grounds upon which a judgment of dismissal could be based.

*Judgment affirmed.    By five Justices.*