## CICERO *et al. v.* SCAIFE *et al.*

1. When the case of a plaintiff has been dismissed, nonsuited, or discontinued, he can not, as plaintiff, renew the suit without paying the costs or filing a pauper affidavit as to his inability to do so; but if he is sued by the opposite party in a matter relating to the controversy in the former suit, he may, as defendant, file any defense which is appropriate to the suit, without reference to whether the costs of the former suit brought by him have been paid.

2. There was no equity in the petition, and this was a sufficient reason for the judge to refuse to grant the injunction or appoint a receiver.

Submitted July 1,—Decided August 15, 1907.

Petition for injunction. Before Judge Spence. Mitchell superior court. December 29, 1906.

Dan and Charlotte Cicero brought an equitable petition against W. L. Scaife, Mary M. Scaife, and McLeod, constable, alleging, that Charlotte Cicero was the owner and in possession of two cows and calves and two steers, which were described in a possessory-warrant proceeding sued out against petitioners by W. L. Scaife as agent for Mary M. Scaife; that prior to the issuance of the possessory warrant she had sold and delivered the cattle to Dasher, and if the cattle were taken from her possession she would be liable in damages to Dasher as warrantor of the title to the cattle; that W. L. Scaife, as agent for Mary Scaife, had brought suit in a justice's court against Dan Cicero on a note, payable to Scaife, agent, for the recovery of the alleged purchase-money of the cattle; that the trial resulted in a verdict in favor of the defendant, which was affirmed on certiorari; that thereafter Scaife, as agent, brought an action of trover against Dan Cicero, and that this action was dismissed. It appears, from an exhibit attached to the petition, that it was dismissed for the reason that no title was shown in Scaife, but that title was in another party. Subsequently to all these proceedings a possessory warrant was sued out, the cattle were seized, and are now in the possession of the constable, and the expense of feeding them will, in a short time, amount to more than their value. Scaife, agent, threatens to institute further proceedings against the plaintiffs. It is alleged that the identical question involved in the possessory-warrant proceeding was involved and adjudicated in the other proceedings referred to; and the prayer of the petition is that the cattle be restored to Dasher

or plaintiffs, that a receiver be appointed, and that Scaife, agent, be enjoined from prosecuting the possessory-warrant case and instituting other proceedings. By amendment Charlotte Cicero alleged, that while she had contracted to sell and deliver the cattle to Dasher before the possessory warrant was sued out, as soon as said warrant was sued out Dasher refused to accept the cattle, and immediately notified plaintiffs that he would not take them; and that they have never been delivered to him, being simply in the possession of plaintiffs, who were croppers on the land owned by him. The defendants filed demurrers, both general and special; and also filed an answer in which they denied title or legally acquired possession of the cattle in the plaintiffs; and also denied that the issue involved in the possessory-warrant case was at all involved in the other suits. The answer averred that Mary M. Scaife was the owner of the cattle and entitled to the possession, and had been wrongfully deprived of the possession by the plaintiffs; and denied that it was the intention of defendants to institute any unwarranted proceedings against the plaintiffs. When the application for an injunction came on for a hearing, the plaintiffs moved to strike the answer, because the costs in the trover case referred to in the petition had not been paid. The judge overruled this motion, and the plaintiffs excepted. After hearing the evidence the judge passed an order refusing to grant the injunction prayed for, or to appoint a receiver; and the plaintiffs excepted.

*E. M. Davis,* for plaintiffs. *Sam S. Bennet,* for defendants.

COBB, P. J. (After stating the facts.)

1. When a case has been terminated by a nonsuit, dismission, or discontinuance, before the plaintiff can renew his suit he must either pay the costs or file an affidavit as to his inability to pay them. Civil Code, §5043; Acts 1901, p. 80. The rule laid down in the code section and the act just cited is applicable only where the plaintiff in the former suit seeks, as plaintiff, to bring a new suit on the same cause of action. It has no application whatever in a case where the defendant, either as a matter of defense or by way of cross-action, sets up facts involved in the former suit in which he was the plaintiff, which has been nonsuited, dismissed, or discontinued. He can not come into court voluntarily as plaintiff with a renewal of the suit without paying the costs of the for-

mer suit or making the affidavit of inability to do so; but when brought into court as a defendant, he may in his answer set up any matter which is pleadable as a defense, or by way of cross-action, that may be appropriate to such suit against him. Hence there was no error in overruling the motion to strike the answer on the ground that the costs of the trover suit, in which the defendant in the present suit was the plaintiff, had not been paid.

2. The original petition showed upon its face that the plaintiffs were not the owners of the property in controversy, and hence they were not in position to bring a suit which involved title and ownership. The mere fact that it appeared that one of the plaintiffs was formerly the owner, and that she would be bound, on her warranty of the title, to her purchaser, did not constitute a sufficient reason for the interposition of a court of equity in her behalf. If the facts set up in the petition were sufficient to authorize the equitable relief prayed for, they would be sufficient to defeat any action that might be brought against her for the breach of her warranty. By amendment it was, in effect, alleged that the sale of the property set out in the original petition had been rescinded before the suit was filed, and that one of the plaintiffs was the real owner. This amendment was properly allowed, but the admission made in the original petition could be, and was, used as evidence against her. It is contended that the issue involved in the possessory-warrant case is the same as that which was involved in the other suits. This is not correct. The only question involved in the possessory-warrant proceeding is one of possession, and the question of title is not involved. It is contended that the question of title was adjudicated in the former case. Even if this was true, such an adjudication would not necessarily bar a possessory-warrant proceeding. It is legally possible for one to be entitled to the immediate possession of personalty as against another, although the other may have the legal title to the property. The person to whom the possession of property is awarded in a possessory-warrant proceeding is required, by law, to give bond to have the property forthcoming to answer any suit that may be brought against him by his adversary within four years. Civil Code, §4802. The very purpose of this statute is to protect the holder of the legal title in the event his adversary is the one to whom the law allows the immediate possession notwithstanding

the outstanding legal title.   Of course the question of title was directly involved in the trover suit, but it appears that this case was not tried on its merits.   The question of title may have been incidentally involved in the trial on the note.   The claim of Scaife is that he is entitled to the present possession of the property, and that he has been deprived of it under circumstances where the law will allow him to recover it in a summary manner by possessory warrant.   This is the only question involved; and this question was not at all involved in either of the other proceedings, in any view of the matter.   If upon the trial of the possessory-warrant proceeding the property should be awarded to Scaife, he will be required to give the bond required by the statute, which will protect the plaintiff, who alleges that she was the owner of the property.   The mere fact that the property was in the possession of the constable while the possessory-warrant proceeding was pending, and there was expense involved in keeping the animals, does not afford any reason for equitable relief.   It certainly would be wise and just to allow a bond to be given by the defendant in a possessory-warrant proceeding for the forthcoming of the property, but the statute does not allow this.   Injustice may result from this defect in the law, but this gives no ground for equitable relief.   See, in this connection, *Sumner* v. *Bell*, 118 *Ga.* 240 (44 S. E. 973).   There was no equity in the petition, and the judge did not err in refusing to grant the injunction or to appoint a receiver.

*Judgment affirmed.   All the Justices concur.*