2580.   BUTLER *v.* LAZENBY.

1. Possessory warrant will lie for the recovery of property wrongfully taken from the plaintiff's possession, though the defendant, at the time of the issuance of the writ, has not personal, physical possession of it, if it be in his power, custody, or control, or in the possession of some agent or custodian holding it for him or in collusion with him.   When the property itself is before the court, the defendant who denies that he is in possession of the property is in no just position to complain if the court awards the possession to the plaintiff; the rights of no third person being involved.

2. Possessory-warrant procedure is summary.   The judge of the superior court has plenary jurisdiction on certiorari, in such cases, to settle all disputed issues of fact and to render final judgment.

DECIDED JULY 19, 1910.

Certiorari; from McDuffie superior court—Judge Hammond. March 9, 1910.

*P. B. Johnson,* for plaintiff in error.   *John T. West,* contra.

POWELL, J.   1. Lazenby sued out a possessory warrant against Butler, his cropper, to recover possession of a bale of cotton.   On the trial before the justice, the evidence in behalf of the plaintiff was that the defendant still owed him for advances and supplies. and that the bale of cotton in question was a part of the crop. The defendant did not deny that the bale of cotton was a part of the crop, but set up that there had been a division, and that he had paid all advances, and that with Lazenby's consent he had sold the cotton to Hunt Brothers.   Lazenby denied that he had given his consent for any sale of the property; and the evidence on the subject of a sale was in conflict.   The constable had the cotton itself before the court, and Hunt, the alleged purchaser, was not

a party to the case.    The justice awarded the possession of the property to Lazenby, the plaintiff in the possessory warrant.    The case was carried by certiorari to the superior court, where the decision of the justice was sustained.    This ruling of the superior court is now before us for review.

It is contended by the plaintiff in error that a possessory warrant will not lie against one not in possession of the property at the time the warrant is sued out, and that in the present case, the possession of the cotton having been transferred to Hunt Brothers, no legal judgment could be entered against Butler.    Since, in a possessory-warrant case, possession is the only issue to be tried (Civil Code of 1895, § 4802), manifestly the action would fail of its purpose if the court could not lay hands on the property.    In view of this fact, the Civil Code, § 4805, authorizes most summary measures to compel the production of the property when it is in the possession of the defendant or of any agent of his, or of any person entrusted by him with the property.    In this case the court had the property physically before it.    The only contestants as to the right of possession were Lazenby and Butler.    If Butler did not have possession, actual or constructive, of the property, then what right has he to complain of the judgment?—for the judgment merely settles the question of possession.    If any third person has rights in the matter, those rights do not affect the defendant, and the judgment does not affect the third person.    Besides, the court was authorized to find that the alleged purchaser was merely holding the cotton for the defendant.

2.    It is also contended that Lazenby consented to the sale by Butler, and that, under *Dennard* v. *Butler,* 2 *Ga. App.* 198 (58 S. E. 297), possessory warrant would not lie.    Consent is a matter of fact (*Marchman* v. *Todd,* 15 *Ga.* 25), and on this point the evidence is conflicting.    In possessory-warrant cases, carried up on certiorari, the judge of the superior court may render a final judgment, notwithstanding conflicts in the evidence.    *Susong* v. *McKenna,* 121 *Ga.* 97 (48 S. E. 695).    If the judge sustains the judgment of the justice, on the conflicting facts, this court will not reverse his judgment; certainly not unless he has manifestly abused his discretion.    *Hill* v. *Johnson,* 74 *Ga.* 362.

*Judgment affirmed.*