### 5255. EWING BROTHERS *et al. v.* BOWSER & CO.

RUSSELL, C. J. 1. The defendant filed a plea which sufficiently alleged fraud in the procurement of the contract which was the basis of the suit, and there was evidence to support this answer, and it was consequently error to direct a verdict in favor of the plaintiff.

2. The mere fact that a purchaser of property, who has declined to receive it, writes to the seller a letter in which nothing more is stated than that he is not in a position to take the property, does not preclude him, when the seller sues him upon the contract, from pleading and proving that the contract of purchase was procured by fraud. The present case is distinguished by its facts from *Fenn* v. *Ware*, 100 *Ga.* 563 (28 S. E. 238), in which is laid down the well-recognized principle of law that where a party gives one reason for his conduct touching a particular matter, he can not, after litigation has begun, change his ground and "mend his hold," and put his conduct upon another and different consideration. In the present case the purchaser did not, in the letter referred to, give any reason for refusing to take the property, but merely said generally that he was not in a position to accept it.

*Judgment reversed.*

DECIDED JANUARY 27, 1914.

Complaint; from city court of Abbeville—Judge Nicholson. August 13, 1913.

*M. B. Cannon,* for plaintiffs in error. *Hal Lawson,* contra.

---

### 5258. LOUISVILLE & NASHVILLE RAILROAD CO. *v.* LOVELADY.

ROAN, J. 1. Where the answer of a justice of the peace to a writ of certiorari is not a proper answer, a motion should be made, in due time, to have the answer perfected. *Fain* v. *Shy*, 115 *Ga.* 765 (42 S. E. 94); *Tyner* v. *Leake*, 117 *Ga.* 990 (44 S. E. 812).

2. Where the plaintiff in certiorari fails to make in due time a proper motion to have the answer perfected, he is guilty of laches, and can not be heard to complain because, from the answer of the justice as filed, the judge of the superior court can not arrive at a proper determination of the errors complained of, and dismisses the certiorari because of the improper answer and the lack of effort on the part of the complaining party to secure a proper one. See the cases cited above, and also *Toole* v. *Geer*, 12 *Ga. App.* 410 (77 S. E. 368), and *Sutton* v. *State*, 120 *Ga.* 866 (48 S. E. 342). *Judgment affirmed.*

DECIDED JANUARY 27, 1914.

Certiorari; from Cherokee superior court—Judge Patterson. September 4, 1913.

*E. W. Coleman, D. W. Blair,* for plaintiff in error.
*Roscoe Pickett,* contra.