### 14640.    MORRIS *v.* BATTEY.

JENKINS, P. J.   1. "A petition for certiorari is such a suit as can be renewed under the provisions of the Civil Code," § 4381. If, however, the petition or initial proceedings be "void for any reason, the suit cannot be renewed." *Bass* v. *City of Milledgeville,* 121 *Ga.* 151, 152 (48 S. E. 919); *Citizens Bkg. Co.* v. *Paris,* 119 *Ga.* 517, 518 (46 S. E. 638). But to render the certiorari void, there must be "something inherently defective" in the petition or proceedings themselves. *Bass* v. *City of Milledgeville,* supra; *Singer Sewing Machine Co.* v. *Dacus,* 22 *Ga. App.* 297 (1 *b*) (96 S. E. 8). A failure in the answer to sufficiently verify the allegations contained in the petition will render the proceeding subject to dismissal, although the petition itself is not so inherently defective as to be void. *Tyner* v. *Leake,* 117 *Ga.* 990 (44 S. E. 812); *Louisville & Nashville R. Co.* v. *Lovelady,* 14 *Ga. App.* 305 (80 S. E. 725); *Phillips* v. *Jones,* 7 *Ga. App.* 141 (66 S. E. 401); *Freedman* v. *Bush,* 30 *Ga. App.* 757 (119 S. E. 421).

2. Where a certiorari is applied for after the expiration of the statutory time from the rendition of the judgment complained of, the petition should show on its face that it is a renewal of a previously dismissed certiorari sued out within the proper time in the same cause, and that the renewal is within six months from the date of dismissal. Where all of these facts are made plainly to appear in the petition for certiorari, and reference is made therein to the papers in the former certiorari, of file in the same court to which the renewed petition for certiorari is brought, the court, in passing upon the truth of such averments, relative to matter happening in the same superior court and subsequent to the trial in the court below, may properly inspect the former record, in order to verify the statement in the petition that it is in the same case, and the averments of dates as showing that the proceedings were in due time. The rule might be different where an ordinary suit is dismissed and renewed. There the plaintiff might be required by special demurrer to attach to his renewal suit a copy of the former petition, in order to indicate as a fact that the cause of action is the same, since there is no presumption that the questions

involved in two such suits are one and the same; and the court is entitled to say for itself, as matter of law, whether such an allegation as to identity is true, rather than rely merely upon the opinions and conclusions of the pleader. *Atlanta Ry. Co.* v. *Wilson,* 119 *Ga.* 781 (1), 784 (47 S. E. 366). In a case like this, however, where the renewed petition for certiorari is in the same cause pending in the trial court, the essential issues which might be reviewed are necessarily identical, and the averment that it is in the same case as the former proceeding is one of fact, and not one of opinion or conclusion. The averments relative to the identity of the former proceedings are made solely "in order to show that the court has jurisdiction of the case;" and the *evidence* supporting such averments, as to facts happening in the same superior court and subsequent to the trial of the case in the court below, need not appear in the petition itself. Such essential allegations may be verified, when questioned, by any proper method of proof, the best and highest evidence being the papers and entries themselves in the previous certiorari. *Jones* v. *Gill,* 121 *Ga.* 93 (2), 95, 96 (48 S. E. 688); *Morrison* v. *Hilburn,* 126 *Ga.* 114 (5) (54 S. E. 938); *Sellers* v. *Page,* 127 *Ga.* 633 (5) (56 S. E. 1011); *Williams* v. *Shuler,* 94 *Ga.* 660 (1) (19 S. E. 981); *Moody* v. *Muscogee Mfg. Co.,* 134 *Ga.* 721 (1), 729, 730 (68 S. E. 604); *Harlow* v. *Rosser,* 28 *Ga.* 219, 221 (1); *Fitzgerald* v. *Alpha Cement Co.,* 15 *Ga. App.* 174, 178 (82 S. E. 774). It was therefore error to dismiss the renewed certiorari, on the theory that it failed to show the jurisdiction of the court to consider it.

> *Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED DECEMBER 10, 1923.

Certiorari; from Fulton superior court—Judge Bell. March 27, 1923.

*Mitchell & Mitchell,* for plaintiff.

*Mark Bolding, E. F. Childress,* for defendant.