### 20754. KEMP v. PRICE, constable.

JENKINS, P. J. 1. Where property in the possession of a defendant in fi. fa. was seized by a levying officer under a levy of the execution, and the debtor thereafter filed in the office of the ordinary, as authorized by the Civil Code, § 3414, and the act amendatory thereof approved August 8, 1924 (Ga. L. 1924, p. 57), a schedule of his household and kitchen furniture claimed to be exempt, including a specific article levied upon, the recordation of the schedule, filed ex parte and without notice, did not ipso facto operate to divest the levying officer of the right of possession acquired under the previous levy, and where the defendant in fi. fa. thereafter took possession of the property, its subsequent removal by the levying officer was not a taking, enticing, or carrying away of the property by fraud, violence, seduction, or other means from one in possession thereof, so that a possessory warrant for its recovery by the defendant in fi. fa. would lie. Civil Code (1910), § 5371.

2. In the instant case it appears, both from the petition for certiorari and the answer of the magistrate, that the property in dispute was levied upon by the constable before any claim for exemption was made, or schedule filed, and the property was seized by the levying officer by locking it in a house of the defendant in fi. fa.; that the defendant in fi. fa., after the filing of his exemption schedule, forcibly entered the house and took possession of the property, and that the officer thereafter removed the property from the premises, over the protest of the defendant in fi. fa., who exhibited to him the exemption schedule. The magistrate properly held that a possessory warrant was not the proper remedy for the recovery of the property from the officer by the defendant in fi. fa., and the judge of the superior court did not err in overruling the petition for certiorari. See, in this connection, *Bryan v. Whitsett,* 39 *Ga.* 715, 717.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 14, 1931.

*Alfred Herrington Jr.,* for plaintiff.
*J. Alex. Smith & Son,* for defendant.