MAY REALTY COMPANY *v.* LOHMAN *et al.*

No. 9252. MARCH 18, 1933.

*Samuel A. Massell* and *J. K. Jordan,* for plaintiff.

*William P. Kennedy, Pearce Matthews, Tye, Thomson & Tye,* and *R. A. Edmondson Jr.,* for defendants.

HILL, J. Dawson & Company borrowed $25,000 from L. O. Lohman, executing notes which were indorsed by C. R. Dawson individually, and securing the debt by a deed conveying certain described property. Dawson & Company afterwards conveyed the property to John H. Candler, who assumed the loan as a part of the consideration; and Candler in turn conveyed the property to May Realty Company, and that company assumed the loan in favor of Lohman. The debt being in default, Lohman brought suit to obtain judgment against Dawson & Company as maker, Dawson individually as indorser, and Candler and May Realty Company as successive transferees who assumed the debt; for equitable relief against Massell Holding Company (the exact nature of which re-

lief is not disclosed by the record); and for appointment of a receiver of the property. Thereafter Lohman dismissed his action, and, without paying the costs, filed a new suit against Dawson & Company as maker, and Dawson individually as indorser, but not against the others named as defendants in the previous case; seeking only a judgment against the maker and indorser, and a special lien on the land covered by the security deed, praying for no equitable relief. To this second suit Dawson & Company and Dawson filed answers substantially admitting the allegations of the petition, averring that the land had been sold, and that John H. Candler had assumed the indebtedness; and praying that the judgment or decree rendered in the case be so molded as to fix the rights and liabilities of all of the parties. Candler, upon thus being brought into the case, filed his answer substantially admitting the facts alleged, and, adopting the same procedure, alleged that he in turn sold the property to May Realty Company, which company had assumed the debt. Candler prayed that the decree be so molded as to fix the rights and liabilities of all the parties, including himself and May Realty Company. No question was raised by Dawson or Dawson & Company as to non-payment of the costs of the original suit, or by Candler, nor was there any objection to the effort of Dawson & Company and Candler to obtain a decree which would fix the rights and liabilities of all the parties. May Realty Company, however, upon being served with the answer of Candler, filed a plea in abatement, raising the question that the costs had not been paid in the former proceeding, and praying that the present suit and cross-bill be abated and dismissed. Lohman demurred to this plea, on the grounds: (a) "That the plea showed on its face that the present action is not a recommencement or a renewal of the former action, within the meaning of the statute requiring payment of cost. (b) That the original proceedings were not attached to the plea in abatement as an exhibit, and that the plea did not purport to set out in their entirety the substance of the proceedings in the former case, so that the court could definitely determine as a matter of law, from a comparison of the two suits, whether the second was a mere renewal or recommencement of the former. The court sustained the demurrer and struck the plea in abatement. May Realty Company excepted to this ruling. No further defense having been filed, Lohman caused his last-mentioned suit to be submitted to a jury,

and took a verdict for principal, interest, attorney's fees, and costs, against Dawson, Dawson & Company, Candler, and May Realty Company; and a decree was rendered against all of the defendants for the amount specified in the verdict, which was made a special lien on the land; and declaring that on the payment of the execution the party so paying should have the execution transferred for enforcement against his vendee. May Realty Company excepted to this judgment.

The Civil Code (1910), § 5625, provides that "a nonsuit, dismission, or discontinuance is negative, and the plaintiff may recommence his suit on the payment of costs." The defendant contends that at the time the second proceeding was filed against Dawson & Company it was a recommencement of the original suit without the payment of the cost or filing a pauper affidavit, as provided in the Civil Code, § 5626. But in the plea in abatement it was averred, by reason of the fact that Candler and May Realty Company had been brought into the case by another defendant, "that the present suit is not proceeding against the identical defendants against whom judgment or substantial relief was sought in the dismissed suit." It will be noted that the allegation is not that the case was filed against the same defendants, but that it is now *proceeding* against the same parties, etc. In *Doody* v. *Jeffcoat,* 127 *Ga.* 301 (56 S. E. 421), it was held: "A suit against a partnership composed of two partners is not subject to abatement for the reason that a former suit had been brought by the plaintiff against one of the members as an individual, upon the same account, which had been dismissed, and the plaintiff had failed to pay the costs of the same or file a pauper affidavit before the institution of the suit against the partnership." It has also been held that suit brought against a partnership composed of two persons is not a recommencement or renewal of the former suit when it is brought against one of the members of the partnership upon the same account which had been dismissed. *Ford* v. *Clark,* 75 *Ga.* 612. The case of *Reynolds* v. *Reynolds,* 153 *Ga.* 490 (112 S. E. 470), is analogous to the case at bar. It was there held that the two suits must be identical as to parties and causes of action, before the Code section cited would apply; and that a suit for a divorce and an action to annul a marriage, based upon the same allegations of fact, are not identical, one being an action by a petition in equity, and the other being a suit

brought under the statute for that purpose. See *Cicero* v. *Scaife*, 129 *Ga.* 333 (58 S. E. 850). In the instant case the original suit was brought by Lohman against the maker and his successive vendees who had assumed the loan, while the present action is one at law against the maker and indorser of the notes, with no prayer for receiver or for other equitable relief, and it could have been brought in a court having no equitable jurisdiction. It is contended that the rule requiring the payment of costs by Lohman before bringing his second action should be applied in this case, because the second suit was converted into an equitable action by the defendants themselves, and that the present or second suit is now proceeding against the same parties, notwithstanding the fact that the plaintiff brought the second suit as an entirely different action, and is in no wise responsible for bringing the plaintiff in error into the case. That contention is answered by the ruling of this court in *Cicero* v. *Scaife*, supra. In the present suit L. O. Lohman prayed process only against Dawson & Company, who filed no plea in abatement and made no complaint. Candler, who was brought into the case by Dawson & Company, filed no plea in abatement and made no complaint. May Realty Company, having been brought into the case by Candler and not by Lohman, can not be heard to complain. The demurrer to the plea in abatement was properly sustained; and there being no other defense, the court did not err in rendering the decree. ' *Judgment affirmed. All the Justices concur.*