### 25300.  WADSWORTH *v.* OLIVE.

DECIDED JUNE 18, 1936.

*A. N. Durden,* for plaintiff.    *R. J. Bacon,* for defendant.

SUTTON, J. This was a possessory-warrant proceeding instituted by Wadsworth against Olive and Dr. Tolliver. Wadsworth assigns error on the judgment sustaining Olive's certiorari complaining of the judgment of the justice of the peace awarding to the plaintiff the possession of the property involved.

On certiorari in possessory-warrant cases the superior court in its discretion may remand the case and order a new trial or re-

hearing, or in some instances may make a final disposition of the case, unless the judgment of the magistrate is demanded under the evidence adduced on the hearing. Code, § 82-303; *Marchman* v. *Todd*, 15 *Ga.* 25; *Cone* v. *Bodiford*, 31 *Ga. App.* 573 (121 S. E. 523); *Butler* v. *Lazenby*, 8 *Ga. App.* 88 (68 S. E. 521).

■ The sole issue in a possessory-warrant case is, in whose lawfully acquired, quiet, and peaceable possession the property last was, and whether possession thereof has been obtained from such party in any of the several modes prohibited by the statute. *Mann* v. *Waters*, 30 *Ga.* 207; *Cicero* v. *Scaife*, 129 *Ga.* 333 (58 S. E. 850). In a possessory-warrant proceeding the plaintiff carries the burden of proof, and establishes a prima facie case by showing that he was in prior quiet and peaceable possession of the property, and that it was later found in possession of the defendant. *Marchman* v. *Todd*, supra; *Copeland* v. *Lucas*, 6 *Ga. App.* 6 (64 S. E. 113). The plaintiff's evidence on the hearing of this case before the justice of the peace tended to show that the property involved, a hound dog, belonged to the plaintiff and was in his possession, that the dog was stolen from the possession of the plaintiff while he was hunting, and that the dog, which was in the physical possession of the defendant veterinarian, Dr. Tolliver, had been turned over to him for treatment by the defendant Olive, and was the same dog that had been stolen from plaintiff. There was no evidence in defendant's behalf tending to rebut the plaintiff's evidence, or to show that the defendant had had the possession of the dog for four years. In these circumstances the finding of the magistrate awarding the dog to the plaintiff was demanded, and the judge of the superior court erred in granting a certiorari and in remanding the case.

■ There is no merit in the contention of Olive that he did not know of the pendency of these proceedings. The answer of the magistrate states that this defendant came to the other defendant, Dr. Tolliver, and was notified by him that the possessory warrant had been sued out, and that the dog could not be turned over to him until after the hearing thereof. In the absence of exception or traverse to the answer of the trial magistrate, properly and duly made, the allegations thereof are conclusive. Code, §§ 19-302, 19-403; *Tyner* v. *Leake*, 117 *Ga.* 990 (44 S. E. 812); 3 Cum. Dig. 492.

■ There is a motion to dismiss the writ of error, because Dr. Tolliver, one of the defendants in the possessory-warrant proceeding before the justice of the peace, was not made a party to the bill of exceptions to review the judgment sustaining the certiorari of the other defendant, Olive. This motion is without merit. One of the parties in the justice's court against whom judgment was therein rendered not having joined in the certiorari to the superior court, from the judgment of which exception is now taken, his rights became fixed and determined by the judgment of the justice's court, and he is but a silent spectator in the present appeal. He having no interest in the appeal, no reason appears why he should be made a party. No party can be a necessary party in the Court of Appeals unless he was a party to the case in the court whose judgment is subject to review. *Chason* v. *Anderson*, 119 *Ga.* 495 (46 S. E. 629). Dr. Tolliver was not a party to the certiorari proceeding before the superior court. Although a party may have been a party to a case in a judicatory inferior to the superior court, if he was not a party in the proceeding on certiorari, he can not be a necessary party to a bill of exceptions in the Court of Appeals. *Dillin* v. *United Roofing &c. Co.*, 34 *Ga. App.* 316 (129 S. E. 573). Therefore the motion to dismiss the writ of error for lack of a necessary party defendant in error is denied.

■ The motion to dismiss the writ of error because the dog, the subject-matter of the possessory-warrant proceeding, has died since the trial, and the question is now moot, is without merit, as the plaintiff in certiorari gave an eventual-condemnation bond, which stands in lieu of the property where judgment is rendered in favor of the defendant in certiorari.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur. Sutton, J., dissents from division 4 of the opinion.*

SUTTON, J., dissenting. The writer prepared the above opinion for the court, and agrees to what is said therein, except division 4, dealing with the motion to dismiss the writ of error because of failure to make necessary parties, from which I dissent. I think the motion to dismiss should be sustained. The plaintiff instituted before a justice of the peace a possessory-warrant proceeding for a dog, alleging the dog to be in the custody of two defendants. The justice of the peace found that the plaintiff was entitled to

the possession of the dog on his giving the required bond. One of the defendants filed a petition to the superior court for the writ, of certiorari, which was granted, and the judgment was set aside and the proceeding remanded for another hearing before the justice of the peace. Thereupon the plaintiff excepted to the judgment remanding the case, naming himself as a plaintiff in error, and the defendant who sued out the certiorari as the defendant in error.

■ The writ of certiorari lies to a judgment in a possessory-warrant case, and "Upon hearing the certiorari the judge may remand the case or give final judgment and direction therein, as he may see fit." Code, § 82-303. This section has reference to certioraries in possessory-warrant cases. *Bush* v. *Rawlins,* 80 *Ga.* 583 (2), 587 (5 S. E. 761). When the proceeding is remanded by the judge for a rehearing before the justice of the peace, the same will be a de novo investigation, as if no trial had been had. *Cox* v. *Snell,* 77 *Ga.* 469. The right to possession is the only thing that can be tried in a possessory-warrant proceeding. Therefore, when this case was remanded, it stood for trial before the justice of the peace, as though no trial had previously been had therein.

■ All persons who are interested in sustaining or reversing the judgment of the court below are indispensable parties in the Supreme Court or the Court of Appeals, and they must be made parties to the bill of exceptions. Code, § 6-1202; *Edwards* v. *Wall,* 153 *Ga.* 776 (113 S. E. 190); *Greeson* v. *Taylor,* 160 *Ga.* 392 (128 S. E. 177); *Daniel* v. *Virginia-Carolina Chemical Cor.,* 50 *Ga. App.* 275 (177 S. E. 925), and cit. Tolliver was one of the defendants, and was a party to the case when the judgment was rendered awarding the property to the plaintiff. This judgment, on certiorari brought by the other defendant to the superior court, was reversed and the case was sent back for another trial in the justice's court. Tolliver was certainly interested in sustaining the judgment of the superior court on the certiorari, which set aside the judgment in the justice's court awarding the property to the plaintiff, as the last-mentioned judgment at least subjected this defendant to the payment of the costs in the case. When the judge sustained the certiorari and remanded the case for another hearing, this put the entire case, not just part of it, back in the

justice's court as it stood before the trial there, to wit, a possessory-warrant proceeding sued out by W. M. Wadsworth against Fred Olive and Dr. G. C. Tolliver for the possession of a certain dog. So where a possessory warrant is sued out in a justice's court against two defendants, and judgment is rendered finding that the plaintiff is entitled to possession of the property, and a petition for certiorari is sued out by one of the defendants, which is sustained and the case remanded for rehearing before the justice of the peace, to which judgment the plaintiff excepts, both defendants against whom was taken out the possessory warrant alleging the property to be in their custody were interested in sustaining the judgment of the superior court; and where only the defendant who filed the petition for certiorari is made a party to the bill of exceptions and served therewith, the writ of error should be dismissed for want of proper parties defendant in error. The cases of *Chason* v. *Anderson,* and *Dillin* v. *United Roofing &c. Co.,* supra, were different on their facts from the present case, and I do not think the rulings there announced are applicable here.