28093. SLAUGHTER v. CITY OF LaGRANGE.

DECIDED JANUARY 11, 1940. REHEARING DENIED MARCH 23, 1940.

*Grover C. Powell, W. A. Mason, John W. Bolton,* for plaintiff in error.

*B. J. Mayer,* contra.

GUERRY, J. The present petition for certiorari alleges that on April 12, 1939, the petitioner was convicted in the recorder's court of the City of LaGrange, charged with a violation of a named and quoted ordinance of that city. It is further alleged that heretofore, on May 5, 1939, he presented a petition for certiorari, complaining of his conviction. The judge refused to sanction the petition. A writ of error to this court was taken, and on September 7, 1939, this court affirmed the judgment of the superior court, placing its decision on the ground that the petition for certiorari failed to set out the provisions of any ordinance for the violation of which the defendant was tried. *60 Ga. App. 555* (4 S. E. 2d, 410). The present petition was filed on September 15, 1939. It does not affirmatively appear in the present petition on what ground the first petition was dismissed. This court decided that the first petition for certiorari set out no cause of action or ground for sanction, in that no ordinance was pleaded. It was therefore void. See opinion in that case. If void, it could not be renewed. In *Citizens Banking Co.* v. *Paris,* 119 *Ga.* 517 (46 S. E. 638), it was said that where a petition for certiorari does not plainly and distinctly set out any assignment of error on a ruling or decision of the inferior judicatory it is void. A void petition for certiorari may not be renewed after thirty days from the decision complained of. *Morris* v. *Battey,* 31 *Ga. App.* 438 (121 S. E. 125), and cit.; *Hamilton* v. *Phenix Insurance Co.,* 111 *Ga.* 875 (36 S. E. 960); *Talley* v. *Commercial Credit Co.,* 173 *Ga.* 828, 830 (161 S. E. 832), and cit.

The court did not err in refusing to sanction the second petition for certiorari.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*