30924. COOK, revenue commissioner, *v.* HYATT.

DECIDED JULY 12, 1945. REHEARING DENIED JULY 25, 1945.

*T. Grady Head, attorney-general, Victor Davidson,* and *C. M. Dobbs, assistant attorneys-general, Rubye G. Jackson,* for plaintiff in error.

*George G. Finch,* contra.

SUTTON, P. J. Ben Hyatt instituted a possessory-warrant proceeding against J. Eugene Cook in which he alleged in his affidavit that, "six cases tax-paid whisky, consisting of four cases Coon Range bonded whisky, one case Thompson and one case Bourbon DeLuxe, having been in the quiet, peaceable, and legally acquired possession of deponent, was taken and carried away from the possession of deponent, without his consent, by fraud, violence, seduction, or other means; and, as deponent believes, has been harbored, received, or taken possession of by J. Eugene Cook, of the City of Atlanta, said county, under some pretended claim or claims, without lawful warrant or authority; and deponent bona fide claims a title to said property above described."

The defendant in his answer denied that he in his individual capacity had ever been in possession of the whisky; but admitted that as revenue commissioner of Georgia the whisky had been seized by his agents, as authorized by law where whisky had been illegally sold, and that he held possession for the State of Georgia, and that the State had not given its consent to be sued. He denied that Ben Hyatt had ever been in the legally acquired possession of the whisky or had legal title thereto, and denied that he, either in

his personal or official capacity as revenue commissioner of Georgia, had taken possession of the whisky in the manner alleged in the possessory warrant, but alleged that Ben Hyatt acquired said whisky by inducing retail dealers of liquor to violate the law by selling it to him in quantities forbidden by law. He further alleged that the plaintiff had stated at the time the whisky was seized that he had brought four cases of liquor from South Carolina to Atlanta (necessarily through "dry territory"), which was a misdemeanor, and that by reason thereof it had become contraband, and it was the duty of the department of revenue to seize the same. He further alleged that the plaintiff, at the time and place of seizure, stated that he was carrying the whisky to Ohio and that he had no export stamps for same. The defendant further alleged that in order to carry this whisky to Ohio the plaintiff would necessarily have to transport it through "dry territory," which would be a violation of the law and would render said whisky contraband and subject to seizure. He further pleaded that, if this whisky was turned over to the plaintiff by the court, he would carry out his criminal purpose, and that the court in rendering judgment in his favor would in effect aid an avowed lawbreaker in carrying out his intent.

On the hearing the court without the intervention of a jury rendered judgment in favor of the plaintiff, and the defendant excepted.

It was stipulated between the parties that the plaintiff was a resident of the State of Ohio, and was not a licensed liquor dealer of the State of Georgia; that the value of the liquor seized was $350; that certain serial numbers on the Federal stamps on the bottles in four cases of the liquor in the trunk of the car that was being driven by the plaintiff and that was seized by the defendant were correct.

On the trial the plaintiff did not testify, but relied upon the introduction of a letter written by the defendant, Eugene Cook, as Commissioner of the Department of Revenue of the State of Georgia, dated April 6, 1945, as follows:

"Mr. Irving Shaw,
206 Main Street,
Akron, Ohio.
Dear Mr. Shaw:

746

This is to advise that on Monday, March 26, 1945, agents of the State Revenue Department seized a 1940 Pontiac automobile and six cases of State tax-paid whisky from Mr. Ben Hyatt. The seizure was made by the agents because two of the six cases of whisky were purchased by Mr. Hyatt from a retailer in case lots, in violation of the State law. The automobile involved was released, and the six cases of whisky were retained by the State Revenue Department for condemnation as contraband, as provided by law. Criminal prosecution of Mr. Hyatt was waived. The whisky involved will be sold at public outcry, and the receipts from the sale will be remitted to the State Treasury in accordance with the provisions of our State liquor law. I have no authority to release this whisky to Mr. Hyatt. If you desire more information in connection with this action, please feel free to call on me.

Yours very truly,

Eugene Cook, Commissioner."

Upon the introduction of this documentary evidence the plaintiff rested and offered no further evidence.

The defendant introduced evidence to the effect that agents of the revenue department saw the plaintiff loading two cases of whisky in the automobile in Atlanta, and upon investigation found four more cases in the car in addition to the two cases they had seen him load; that five of the six cases were sealed, but had the serial numbers of the cases cut off; that they went to the Forrest Road liquor store and found the serial numbers which had been cut from two of the cases therein; that the plaintiff did not deny that he had bought two cases of the whisky at this store, but stated that he had bought the other four cases in South Carolina and was en route with them to the State of Ohio, and that if they had not caught him when they did he would have been on his way to Ohio the next day with the whisky; that the agents of the revenue department opened the four sealed cases containing the bottles of Coon Range whisky and discovered there were no South Carolina stamps on the bottles, but Georgia stamps; that the plaintiff then stated that he had bought this whisky, two quarts at a time, from liquor dealers in Atlanta and pointed out three liquor stores where he had purchased this whisky, two quarts at a time, for several days. Evidence was introduced by the defendant to the effect that the serial numbers on the Federal stamps on the bottles in the four cases

of Coon Range whisky were consecutive, with one exception in one bottle of the four cases, indicating that they had been packed in the cases as stamped, and that the plaintiff acquired this whisky in case lots. The defendant introduced evidence from the retail liquor dealers from whom the plaintiff claimed he had purchased the whisky, and they denied that they had sold the plaintiff the liquor in quantities of two quarts at a time, especially the bonded whisky. One of the witnesses for the defendant testified that the Forrest Road liquor store, a few days after the seizure, was found to be in possession of four or five cases of the same kind of whisky —Coon Range—in stock in unbroken cases. The defendant testified that he, as revenue commissioner, was holding this whisky in behalf of the State of Georgia, and that it had been seized under his instructions by his agents because it was purchased illegally and was in the illegal possession of the plaintiff; that the plaintiff admitted to him "that he bought most of the whisky that he had that was seized, two quarts at a time, at various retail liquor stores in Atlanta, but that there were two cases that he bought by the case lot;" and the defendant testified that it was seized for the reason it appeared as having been illegally transported through "dry territory" in the automobile operated by the plaintiff, and for the additional reason that it was to be exported from Georgia to another state illegally.

Whereupon, the court rendered the following judgment: "The above-stated case coming on for trial and after hearing evidence in the same, I think it can be safely said that there is not the slightest doubt that the plaintiff, Ben Hyatt, intended to make some illegal use of the liquor involved at the time it was seized. This is evident, both on account of his conflicting statements to the officers who seized the liquor as to how he procured it, and also on account of the amount of liquor found in his possession (six cases) at the time he was apprehended by agents of the Revenue Department. I am forced to find, however, that under the laws of this State, that the plaintiff was in lawful possession of the liquor involved, and his conduct does not come up to the test of criminality under the State liquor laws because of the lack of any overt act. In the absence of such overt act, there is nothing, in my opinion, to justify the confiscation of this liquor. It is therefore ordered that the possession of the property described in this possessory warrant

be and the same is hereby awarded to Ben Hyatt, the plaintiff, upon condition that he shall enter into a recognizance with good and sufficient security in the sum of seven hundred ($700) dollars, in accordance with the provisions of Sec. 82-202 of the Code of the State of Georgia. This the 27th day of April, 1945."

The question for determination is whether the plaintiff was in the legally acquired possession of the whisky involved, and whether the State Revenue Commissioner acted without authority in seizing it as contraband.

The Code, § 58-1080, provides: "Any retail licensee wilfully and knowingly selling more than two quarts per day to any purchaser shall be guilty of a misdemeanor and shall be punished as for a misdemeanor;" and it is provided in the latter part of § 58-1065 that, "The authority to seize as contraband distilled spirits and alcohol as set out herein shall extend to counties where the sale and possession of the same is made legal by this chapter, or any of its amendments where such liquors, distilled spirits, or alcohol are sold contrary to the provisions hereof."

The introduction by the plaintiff of a letter from J. Eugene Cook, Commissioner of Revenue, to Mr. Irving Shaw failed to make a prima facie case for the plaintiff; and he is bound by the statement therein that, "The seizure was made by the agents because two of the six cases of whisky were purchased by Mr. Hyatt from a retailer in case lots, in violation of the law." This was not rebutted by the plaintiff. The plaintiff made no denial that he had purchased two cases of Coon Range whisky at the Forrest Road liquor store. The officer testified that the serial numbers on two of the cases were cut off, and that he obtained them upon going to the Forrest Road liquor store. The plaintiff admitted to J. Eugene Cook, State Revenue Commissioner, that he had purchased two cases in case lots. Howard W. Smith, one of the revenue agents, testified: "When I seized this liquor there were six cases. As to whether all of them were sealed cases, I believe one of the pints was broken. I know five were sealed. I wouldn't be positive about the sixth. I believe the seal was broken on one case. I wouldn't be positive about it, but I believe it was. I had occasion to look and see about the seals of two of those cases."

It appears from the evidence that the serial numbers on the Federal stamps on the bottles were consecutive in the four cases of

Coon Range whisky, with the single exception of one bottle. The fact that five of the cases were sealed, and the further fact that the bottles of Coon Range whisky bore consecutive numbers on the Federal stamps on the bottles, with but one exception, is clearly indicative that the purchase of this particular brand of whisky was in case lots.

This being a possessory-warrant proceeding the burden of proof was on the plaintiff to establish that he was in the peaceable and legally acquired possession of the whisky when it was seized, and this he failed to do. See, *Bryan* v. *Whitsett, 39 Ga.* 715, 717; *Mann* v. *Waters, 30 Ga.* 207; *Wadsworth* v. *Olive, 53 Ga. App.* 539, 540 (186 S. E. 590). Under the facts of this case and the reasonable inferences to be drawn therefrom, we are of the opinion that a finding was demanded that the plaintiff illegally acquired at least five of the cases of whisky here involved; and consequently the State Revenue Commissioner was authorized under the law to seize the same as contraband. Accordingly, the trial court erred in awarding the whisky involved to the plaintiff.

*Judgment reversed. Felton and Parker, JJ., concur.*